**State v. Perry**
*[Cite as 3 AOA 69]*

*Case No. 1-88-78*
*Allen County, (3rd)*
*Decided May 24, 1990*

*Mr. Terry L. Hord, Special Prosecuting Attorney, Hardin County Courthouse, Kenton, Ohio 43326, for Appellant.*

*Ms. Shelby D. Golden, Attorney At Law, 212 North Elizabeth Street, Lima, Ohio 45801, for Appellee.*

GUERNSEY, J.
These are appeals by the State of Ohio from judgments of the Court of Common Pleas of Allen County in two companion cases heard together in the lower court and thereafter in this court, the lower court judgments dismissing tax fraud indictments against each of the defendants, Larry W. Perry in one case, and Larjo, Inc., sometimes referred to as Lar-Jo, Inc., or Largo, Inc, in the other case, for failure to bring the defendants to trial under the speedy trial provisions of R.C. 2945.71.

Except for the bracketed material, which appears only in the journal entry involving the individual defendant, the findings in the judgments of dismissal are identical. Those findings read as follows:

"From the evidence the court finds that the indictment was served on October 30, 1987; that Defendant filed a motion to dismiss on November 10, 1987, which motion was overruled on January 14, 1988, a period of 65 days which tolls the time limits pursuant to O.R.C. 2945.72(E); [and from the decision overruling Defendant's motion the State of Ohio filed a Notice of Appeal with the Third District Court of Appeals on February 8, 1988 which motion [sic] was dismissed sua sponte on February 12, 1988; thereafter the State filed a notice of appeal to the Supreme Court of Ohio on March 11, 1988, seeking jurisdiction, which was denied on August 3, 1988; and the court finds this appeal is not an appeal within the meaning of O.R.C. 2945.67(A) which automatically tolls the time, nor did Plaintiff seek leave to file its appeal with the Third District Court of Appeals;] that on June 6, 1988, the Ohio Supreme Court issued a stay order which was terminated on August 3, 1988, a period of 57 days which tolls the time limits pursuant to O.R.C. 2945.72(G) and that from the date of service of the indictment to November 23, 1988 a total of 390 days passed, of which 122 toll the time limits. The total days which have passed to the date of Defendant's motion to dismiss is therefore 268. The Court further finds that from the date of the motion to the date of hearing another seven (7) days have passed, or a total of 275 days."

The state assigns prejudicial error of the lower court in that the "time for speedy trial had not run as a matter of law." The state divides its argument into three branches, (1) as to the effect of the appeal which was originated by a notice of appeal to this court, (2) as to the stay of proceedings by the Supreme Court, and (3) as to the motion to dismiss for want of a speedy trial. We will first consider the amount of time that was extended for speedy trial by the motion raising the issue of immunity from prosecution from which the first appeal was taken, after setting out the provisions of R.C. 2945.72 pertinent to

this appeal. That statute provides in pertinent part:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

" * * *

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

" * * *

"(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

" * * *

"(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."

On November 10, 1987 motions were filed in each case by the respective defendants for a dismissal of the indictment against them because of their alleged immunity from the charges against them. On January 14, 1988, the court overruled each motion by journal entry and on February 8, 1988, the state filed its notice of appeal to this court in the Perry case only. The state generally agrees that under the provisions of R.C. 2945.72(E) the time for speedy trial was thereby extended by the 65 days elapsing between November 10, 1987, and January 14, 1988, and we do not, therefore, review that determination.

The state's first contention under this assignment of error is that its filing of a notice of appeal "pursuant to Ohio Revised Code 2945.67(A) tolls the speedy trial time until all appellate review has been exhausted." This contention is argued in terms of all of the elapsed time between the filing of the state's notice of appeal to this court on February 8, 1988, and the Supreme Court's overruling of the state's motion for rehearing of its decision on November 2, 1988.

As the appeal taken by the state to this court and later taken to the Supreme Court was taken only in the case involving the individual defendant Perry, such appeal had no relation to the other case and its pendency could not, for that reason alone, extend the speedy trial time in the case against the corporate defendant. R.C. 2945.72(I) does extend the speedy trial time for "[a]ny period during which an appeal *filed pursuant to section 2945.67 of the Revised Code is pending*." (Emphasis added.)

As pertinent, R.C. 2945.67 prescribes:

"(A) A prosecuting attorney * * * may appeal as a matter of [of] right any decision of a trial court in a criminal case * * * which decision *grants* a motion to dismiss all or any part of an indictment * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case." (Emphasis added.)

After hearing on the motions to dismiss by reason of immunity from prosecution, the trial court filed on January 14, 1988, in each case, separate, but identical, memorandum decisions reading in pertinent part:

"In the present case, the distinction between the corporation and the individual corporate officer is somewhat blurred as no legal proceeding was instituted prior to this action and no subpoenas were issued. Additionally, R.C. 2901.24 provides for the personal accountability of an officer, agent, or employee of a corporation.

"R.C. 2901.23 provides that a corporation itself may be convicted of a criminal offense. Therefore, the Court will construe the motion to dismiss as a motion to intervene on behalf of defendant Larry Perry President in order to assert [in the corporation case] his privilege and in this instance, his corresponding immunity. Based upon the evidence presently before the Court, the Court finds said motion well-taken as to any prosecution of Larry Perry in his capacity as a corporate officer pursuant to R.C. 2901.24.

"There remains the issue of immunity as it may relate to defendant Larry Perry, individually, outside his capacity as a corporate officer. There is no evidence before the Court that the charges have been brought against Perry individually nor is there any evidence that the information turned over to the Dept. were Perry's personal record. Therefore, the Court finds the motion to dismiss filed on behalf of defendant Larry Perry, individually, is premature and should be overruled.

CONCLUSION

"Based upon the foregoing analysis the motion to dismiss as to Lar-jo, Inc. is overruled and the motion to dismiss as to Larry Perry is sustained pursuant to criminal responsibility under R.C. 2901.24 but overruled as pre-mature as to any other criminal responsibility."

On the same day, January 14, 1987, the trial court filed its journal entry in each case, reading identically:

"Pursuant to the Memorandum Decision filed contemporaneously herewith the Court finds the Motion to Dismiss filed November 10, 1987 is overruled.

"IT IS SO ORDERED."

On February 8, 1988, the state filed in the Perry case only a notice of appeal to this court "from the judgment granting in part the motion to dismiss entered in this action on January 14, 1988, a copy of a certified copy of said Judgment Entry and Memorandum Decision attached hereto as Exhibit 'A' and incorporated herein by reference."

On the same date, February 8, 1988, the state filed its motion in the trial court in each case to stay the proceedings by reason of the pending appeal in the Perry case and "the trial of either Defendants [sic] in this case at this time would create duplication of prosecution and prejudice the State in any second prosecution."

Before the motion in each case for stay was acted upon by the trial court, this court, proceedings *sua sponte*, filed its journal entry on February 12, 1988, dismissing the appeal in the Perry case finding "that the judgment appealed from *overrules* defendant-appellee's motion to dismiss * * * was, therefore, in favor of the State of Ohio and no prejudice results to the state therefrom." (Emphasis added.) This judgment then resulted in further proceedings including the state's appeal therefrom to the Supreme Court of Ohio terminating finally with the Supreme Court overruling on November 2, 1988, the state's motion for reconsideration, treated as a motion for rehearing of that court's dismissal of the appeal thereto.

It is obvious from the foregoing that in framing its notice of appeal to this court the state was relying on the trial court's memorandum decision calling for the motion to dismiss as to the corporation to be overruled, and the motion to dismiss as to Larry Perry to be sustained as to his criminal responsibility under R.C. 2901.24 as a corporate officer, but overruled as premature as to any other criminal responsibility he might have as an individual.

However, it is too basic for argument, that as to its order the trial court speaks through its journal entry, and its journal entry on the motion to dismiss in the Perry case *overruled* rather than *granted* "a motion to dismiss all or any part of an indictment," as set forth in R.C. 2945.67(A). Moreover, the trial court's reference in its memorandum decision to sustaining the motion to dismiss as to criminal responsibility of Perry as a corporate officer had no relation to his criminal responsibility, if any, in the Perry case, which indicts him in his individual rather than in his corporate capacity.

Finally, the state never moved for leave of this court to appeal the judgment overruling the motion for dismissal for immunity from protection.

Thus, the state never met either jurisdictional or procedural requirements for an appeal to this court under the provisions of R.C. 2945.67, or for any appeal derivative thereto to the Supreme Court. In our opinion, these requirements not having been met, the abortive appeal could not extend the speedy trial time under the provisions of R.C. 2945.72(I).

After the state appealed this court's *sua sponte* judgment dismissing the appeal in the Perry case to the Supreme Court, both as an appeal as of right and also by way of motion for leave to appeal, upon motion of the state the Supreme Court issued its order on June 6, 1988, staying "all proceedings in the trial court [Case Nos. 87CR 379(A) & (B)] *pending the resolution of this appeal.*" (Emphasis added.) As noted, in the Supreme Court's entry the stay was made applicable to both the corporation case and the individual case in the trial court. The Supreme Court never filed an entry specifically terminating these stays. Instead, it dismissed the appeal to it by entry filed on August 3, 1988, and upon the state filing a motion for reconsideration of the dismissal, the Supreme Court treated the motion for reconsideration as a motion for rehearing. The trial court took the view that by reason of the stays filed in each case, there was an extension of speedy trial time in each case for the "57" days elapsing between June 6, 1988, the date the days were granted, and August 3, 1988, the date on which the Supreme Court filed its entry dismissing the appeal to it. (It appears, in any event, that 58 rather than 57 days elapsed between those two dates.)

The state takes the view that the trial court erred in this conclusion because, in its view, the stays continued and were not terminated until the Supreme Court filed its entry on December 2, 1988, denying the state's motion for rehearing.

We are cited to three cases which, though not exactly in point, have some bearing on this issue. In *Akron v. Downey* (1984), 24 Ohio App. 3d 225, the Court of Appeals of Summit County held, as evidenced by its headnote:

"The time within which to bring a defendant to trial once tolled by R.C. 2945.72(I), appeal by

the state, does not run again until the thirty-day period for filing a further appeal with the Supreme Court of Ohio has lapsed. In the event a notice of appeal is filed with the Supreme Court and certification is denied, the time is tolled until the ten-day period for rehearing has passed."

The rationale of that decision appears at page 226:

" * * * Once an appeal has been decided by the intermediate appellate court, the appellate process is not thus concluded. Section 1(A), Rule I of the Supreme Court Rules of Practice provides for a time period of thirty days in which a further appeal may be filed. During that appeal time it might be unwise to proceed with a trial since a further appeal could be perfected divesting the trial court of its jurisdiction. Therefore, the time, once tolled by R.C. 2945.72(I), does not again run until the thirty-day period for filing an appeal has lapsed.

"Furthermore, this court is cognizant that a certain reasonable period of time is necessary for case administration. This necessity is exemplified by the present case wherein several appeals have been taken on different judicial levels. In such a situation the immediate administration of the case, when remanded, is at least awkward, if not impossible. Thus, the thirty-day appeal time may be used to facilitate the transfer of court records from one judicial level to another.

"In the present case a notice of appeal was filed with the Supreme Court. Subsequently, the motion to certify was denied. Does the time begin to run with the denial of the motion to certify? No. Section 1, Rule IX of the Supreme Court Rules of Practice provides that a motion for rehearing may be filed within ten days from the date of the denial of certification. Since further appellate action may be taken, the time is tolled until the ten-day period for rehearing has passed."

*Akron, supra,* was then followed by the Eighth District Court of Appeals in disposing of the ninth assignment of error in *State* v. *Padavick* (Feb. 18, 1988), Cuyahoga Co. App. 53343, unreported, again holding that speedy trial time is extended by the ten days that the state has to move for a rehearing. In *State* v. *Thompson* (May 24, 1988), Montgomery Co. App. No. 10019, unreported, the Second District Court of Appeals in determining extension by virtue of R.C. 2945.72 held that after its judgment "[t]he defendant then had 30 days to appeal to the Ohio Supreme Court. Ohio law dictates that the speedy trial statute remains tolled during this 30-day appeal period. *Akron* v. *Downey* (1984), 24 Ohio App. 3d 225. * * *."

There can be no doubt of the competency of the Supreme Court to issue the stay order(s) here involved, and no doubt as to the date when the order of stay was issued. The sole question is when did the period of stay terminate? R.C. 2945.72(G) says that the "time within which an accused must be brought * * * in the case of felony, to preliminary hearing and trial, may be extended only by * * * [a]ny period during which trial is stayed * * * pursuant to an order of another court competent to issue such order * * *." The Supreme Court's order stayed all proceedings in both cases in the trial court "pending the resolution of this appeal." Whether we follow the cases noted in the last preceding paragraph or whether we do not, it is clear to us that the appeal to the Supreme Court was not *resolved* by the journal entry of dismissal entered on August 3, 1988, but was finally resolved, instead, when the Supreme Court entered its order on November 2, 1988, overruling the motion for rehearing.

Thus we conclude that the stay of proceedings in each case was for the period of time from the order for same issued on June 6, 1988, to the resolution of the appeal on November 2, 1988, a period of 149 days extension rather than the 57 days extension found by the trial court.

Adding then to the 270 days speedy trial time authorized by R.C. 2945.71 for defendants arrested on a charge of felony and not serving time in jail, the 65-day extension arising from the defendant's first motion to dismiss by reason of alleged immunity from prosecution and the 149 days extension arising from the stay of proceedings in each case we find, as of November 23, 1988, the day they filed their motion to dismiss for want of a speedy trial, that the state was required to bring each defendant to trial on or before 484 days from the date of the service of the indictment and arrest on October 30, 1987, specifically to bring them to trial on or before February 25, 1989.

We have reviewed our decision in *State* v. *Abraam* (July 27, 1979), Hancock App. No. 5-79-10, unreported, and find same inapplicable to shorten any of the speedy trial time extensions heretofore found.

We are compelled to conclude, therefore, that the trial court committed error prejudicial to the State of Ohio in sustaining defendants' motions for dismissal for want of a speedy trial.

We also agree with the state that under the provisions of R.C. 2945.72(E) the said trial date of

February 25, 1989, shall be further extended by the 9 days it took between the filing and disposition of defendants' speedy trial dismissal motion, and an additional one day for each day that the state's appeal from that dismissal order has been pending and remains pending before trial is commenced, all in accordance with *Akron v.Downey, supra,* which we approve and follow, and *State v. Bickerstaff* (1984), 10 Ohio St. 3d 62.

For the prejudicial error heretofore found the judgments are reversed and the causes remanded.

*Judgment reversed and*
*cause remanded.*

BRYANT, P.J., and COLE, J., concur.