JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the trial court's amendment of a criminal charge. Finding no jurisdiction, we dismiss the appeal for lack of a final appealable order.
 {¶ 2} In 2005, defendant-appellee, Shannon Gordon ("Gordon") was indicted on one count of receiving stolen property in violation of R.C. 2913.51 for being in receipt of a stolen license plate validation sticker. R.C. 2913.51 provides that:
"(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense. * * *
"(C) Whoever violates this section is guilty of receiving stolen property. Except as otherwise provided in this division, receiving stolen property is a misdemeanor of the first degree. If the value of the property involved is five hundred dollars or more and is less than five thousand dollars, if the property involved is any of the property listed in section 2913.71 of the Revised Code, receiving stolen property is a felony of the fifth degree. * * *"
 {¶ 3} The State charged Gordon with a felony of the fifth degree, arguing that the validation sticker qualified as property listed in R.C. 2913.71.[1] Gordon filed a motion to dismiss the indictment, claiming that the validation sticker fell outside the scope of the statute. The trial court agreed and found that Gordon's crime as charged was a misdemeanor of the first degree. The trial court then amended the indictment to reflect its ruling. Gordon pled guilty to the misdemeanor, was given a six-month suspended sentence and a fine, and was placed on probation.
 {¶ 4} The State now appeals, raising one assignment of error. In its sole assignment of error, the State argues that the trial court erred in granting Gordon's motion to dismiss.
 State's Right to Appeal {¶ 5} The State does not have an absolute right to appeal a trial court's ruling; in fact, the State's right to appeal is limited by statute. R.C. 2945.67(A) provides:
"A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, * * * and may appeal by leave of the court * * * any other decision, except the final verdict, of the trial court in a criminal case * * *."
 {¶ 6} Ohio courts have interpreted the statute to mean that the State has a right to appeal the dismissal of all or part of an indictment when such dismissal concerns the substantive elements of the charged offense. State v. Skala, Cuyahoga App. No. 80331, 2002-Ohio-2962, ¶ 9; State v. Cook (1987),35 Ohio App.3d 20, 519 N.E.2d 419. "Where such a dismissal would destroy the state's case or inhibit the state from proceeding with the charges, the state would have a right to appeal." Cook, supra at 23.
 {¶ 7} If the State wishes to appeal a judgment of the trial court not expressly provided for in R.C. 2945.67(A), it must seek leave to appeal under App.R. 5(C) and its motion must be filed concurrently with the notice of appeal. See State v. Fisher
(1988), 35 Ohio St.3d 22, 25, 517 N.E.2d 911.[2]
 {¶ 8} The State proposes to appeal the trial court's decision to dismiss the indictment against Gordon without seeking leave to file an appeal under the assumption that the appeal is as a matter of right.
 {¶ 9} The court stated in its journal entry that the motion to dismiss "is granted in part, denied in part; [the] court finds that the motion to dismiss charge of receiving stolen property is denied, but the degree of offense is a M-1."
 {¶ 10} The State's argument is misplaced because the court did not dismiss any part of the indictment. Gordon was charged with one count of receiving stolen property. She pled guilty to that count. The court did not change the nature or charge of the indictment. Rather, the parties agree that the court amended the indictment to a first degree misdemeanor.[3] The amendment did not destroy the State's case or change a substantive element of the charged offense. If Gordon had chosen to go to trial, the State would have been able to proceed with the same charge, receiving stolen property.
 {¶ 11} Therefore, the trial court's ruling is not one that the State may appeal as a matter of right under R.C. 2945.67; thus, the State must obtain leave of this court. Since leave to appeal the trial court's decision was not obtained, we lack a final, appealable order and must dismiss the appeal.
 {¶ 12} This cause is dismissed.
It is ordered that appellee recover of appellant the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. concurs in Judgment Only (See SeparateConcurring Opinion);
 Karpinski, J. concurs in Judgment only and Concurs with JudgeMcMonagle's concurring Opinion
[1] R.C. 2913.71 provides in part that, regardless of the property's value, a violation of R.C. 2913.51 is a felony of the fifth degree if the property involved is a license plate, a temporary license placard, or a windshield sticker.
[2] App.R. 5(C) states in pertinent part: "When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed * * *."
[3] Crim.R. 7 provides that "the court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." The level of the offense with which Gordon was charged was omitted from the indictment.
 CONCURRING OPINION