OPINION *Page 2 
{¶ 1} Plaintiff-appellant State of Ohio appeals from the February 8, 2007, Judgment Entry of the Licking County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 27, 2006, the Licking County Grand Jury indicted appellee Todd Clements on one count of failure of sex offender to register new address in violation of R.C. 2950.05(B)(E)(2) and2950.99(A)(1)(b)(i), a felony of the third degree, and one count of failure of sex offender to register periodic verification in violation of R.C. 2950.06(A) and 2950.99(A)(1)(b)(i), also a felony of the third degree.[1] The indictment alleged, with respect to both counts, that appellee, in Franklin County Court of Common Pleas Case Number 04-CR-2551, had "been previously convicted of or pleaded guilty to a violation of a prohibition in Section 2950.04, 2950.041, 2950.05 or 2950.06." Previously, appellant, on January 3, 2005, had entered a plea of guilty in Franklin County Case Number 04-CR-2551 to "the stipulated lesser included offense of . . . Failure to Provide Notice of Change of Address in violation of Section 2923.02 as it relates to Section 2950.05
of the Revised Code, a misdemeanor of the First Degree, . . . "
 {¶ 3} At his arraignment on December 4, 2006, appellee entered a plea of not guilty to the charges contained in the indictment.
 {¶ 4} Thereafter, on January 29, 2007, appellee filed a Motion to Strike the indictment. Appellee, in his motion, argued that, in Franklin County Court of Common Pleas Case Number 04-CR-2551, he had been convicted of attempt to violate R.C. 2950.05, a first degree misdemeanor, and that on the basis of such prior conviction, his *Page 3 
charges in this case had been enhanced to felonies of the third degree. Appellee further argued that his prior conviction of an "attempt" to violate Section R.C. 2950.05 did not qualify as having "been previously convicted of or pleaded guilty to a violation of a prohibition in Section 2950.04, 2950.05 or 2950.06." Appellant argued that, "[w]ithout a prior conviction, the proper degree of offense in the Defendant's case for a first-time conviction under R.C. 2950.05 or 2950.06 would be a felony of the fourth degree."
 {¶ 5} Pursuant to a Judgment Entry filed on February 8, 2007, the trial court found appellant's motion to be well taken and ordered the indictment to be amended "to charge an offense which is a felony of the fourth degree as opposed to a felony of the third degree."
 {¶ 6} Appellant now appeals from the February 8, 2007, Judgment Entry, raising the following assignment of error on appeal:
 {¶ 7} "[CAN] A CONVICTION FOR `ATTEMPTING' TO VIOLATE R.C. 2950.05
QUALIFY A CRIMINAL DEFENDANT FOR ENHANCEMENT AS A REPEAT OFFENDER IN THAT HE HAS THEREBY `BEEN PREVIOUSLY CONVICTED OF OR PLEADED GUILTY TO A VIOLATION OF A PROHIBITION IN SECTION 2950.04, 2950.041, 2950.05 OR2950.06' AS THAT PHRASE IS USED IN R.C. 2950.99?"
 I {¶ 8} Appellant, in its sole assignment of error, argues that the trial court erred in ordering the indictment to be amended "to change an offense which is a felony of the fourth degree as opposed to a felony of the third degree." Appellant specifically contends that the trial court erred in holding that appellee's prior conviction for attempting to violate R.C. 2950.05 in Franklin County Court of Common Pleas Case *Page 4 
Number 04-CR-2551 could not be used to enhance the charge in this matter from a felony of the fourth degree to a felony of the third degree.
 {¶ 9} In the case sub judice, the State, on February 15, 2007, filed an appeal from the trial court's February 8, 2007, Judgment Entry ordering that the indictment was to be amended from a felony of the third degree to a felony of the fourth degree. The State indicated that its appeal was an appeal as of right pursuant to R.C. 2945.67(A).
 {¶ 10} However, the State does not have an absolute right to appeal a trial court's ruling. R.C. 2945.67(A) states as follows: "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, * * * and may appeal by leave of the court * * * any other decision, except the final verdict, of the trial court in a criminal case * * *."
 {¶ 11} As noted by the court in State v. Gordon, Cuyahoga App. No. 86562, 2006-Ohio-1732, appeal not allowed by 110 Ohio St.3d 1468,2006-Ohio-4288, 852 N.E.2d 1215: "Ohio courts have interpreted the statute to mean that the State has a right to appeal the dismissal of all or part of an indictment when such dismissal concerns the substantive elements of the charged offense. State v. Skala, Cuyahoga App. No. 80331, 2002-Ohio-2962, ¶ 9; State v. Cook (1987),35 Ohio App.3d 20, 519 N.E.2d 419. `Where such a dismissal would destroy the state's case or inhibit the state from proceeding with the charges, the state would have a right to appeal.' Cook, supra at 23."
 {¶ 12} "If the State wishes to appeal a judgment of the trial court not expressly provided for in R.C. 2945.67(A), it must seek leave to appeal under App.R. 5(C) and its *Page 5 
motion must be filed concurrently with the notice of appeal. SeeState v. Fisher (1988), 35 Ohio St.3d 22, 25, 517 N.E.2d 911." Id at paragraphs 6-7.
 {¶ 13} In the case sub judice, the trial court did not dismiss any or part of the indictment, but rather ordered that the indictment was to be amended "to charge an offense which is a felony of the fourth degree as opposed to a felony of the third degree." See Gordon, supra. As inGordon, the "amendment did not destroy the State's case or change a substantive element of the charged offense."[2]
 {¶ 14} Based on the foregoing, we find that the trial court's February 8, 2007, Judgment Entry is not one that the State may appeal as a matter of right under R.C. 2945.67(A). *Page 6 
The State was required to seek leave of this Court to file its appeal. Having failed to do so, we find that there is not a final appealable order. See Gordon, supra.
 {¶ 15} Appellant's appeal is, therefore, dismissed.
 By: Edwards, J. Gwin, P.J. and Wise, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is dismissed. Costs assessed to appellant.
[1] Appellant's duty to register and verify his address was based upon his conviction for corruption of a minor in Licking County Case No. 98 CR 00218.
[2] In Gordon, the State charged the appellee with one count of receiving stolen property, a felony of the fifth degree. Receiving stolen property is generally a misdemeanor of the first degree, but can be elevated to a felony of the fifth degree if the property is of a certain kind, including, but not limited to, a license plate. The allegation was that Gordon possessed a license plate validation sticker. After the appellee filed a motion to dismiss the indictment, the trial court amended the indictment from a felony of the fifth degree to a first degree misdemeanor. The appellee then pled guilty to the misdemeanor and was sentenced. The State then appealed. The Eighth District Court of Appeals, in Gordon, held that the State did not have an absolute right to appeal the court's amendment of the indictment and that the State was required to obtain leave of court to do so. The court noted that if the appellee had chosen to go to trial, the State would have been able to proceed with the same charge, which was receiving stolen property. *Page 1