OPINION
{¶ 1} Appellant Todd W. Clements his conviction for two sexual predator registration-related offenses in the Licking County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 27, 2006, the Licking County Grand Jury indicted appellant on one count of failure of sex offender to register new address (R.C. 2950.05(B)(E)(2) and 2950.99(A)(1)(b)(i)), a felony of the third degree, and one count of failure of sex offender to register periodic verification (R.C. 2950.06(A) and 2950.99(A)(1)(b)(i)), a felony of the third degree.
 {¶ 3} At his arraignment on December 4, 2006, appellee entered a plea of not guilty to the charges contained in the indictment.
 {¶ 4} On January 29, 2007, appellee filed a motion to strike the indictment, essentially arguing that the charges should not have been indicted as third-degree felonies. Pursuant to a judgment entry filed on February 8, 2007, the trial court found appellant's motion to be well-taken and ordered the indictment to be amended "to charge an offense which is a felony of the fourth degree as opposed to a felony of the third degree."
 {¶ 5} The State of Ohio thereupon appealed from the February 8, 2007 judgment entry. On January 7, 2008, we dismissed the appeal, concluding the State did not have an appeal as a matter of right under the circumstances pursuant to R.C. 2945.67(A), and thus should have sought leave of this Court to file its appeal. See State v. Clements, Licking App. No. 07 CA 22, 2008-Ohio-30 ("Clements I"). *Page 3 
 {¶ 6} Following our dismissal of the appeal, the case returned to the trial court, which set a trial date of February 27, 2008. However, on February 25, 2008, appellant filed a speedy trial motion to dismiss. Following a hearing on the motion, the trial court, concluding that the speedy trial time had been tolled by the State's appeal in ClementsI, overruled the motion to dismiss. See Judgment Entry, February 27, 2008, at 1; Tr., Feb. 27, 2008, at 7.
 {¶ 7} Appellant thereupon entered pleas of no contest to the two indicted offenses as fourth-degree felonies. The court found appellant guilty on both counts, and sentenced him to one year in prison on each count, to be served concurrently. Id. at 1, 2.
 {¶ 8} Appellant filed a notice of appeal on March 12, 2008, and herein sets forth the following sole Assignment of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED BY OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS FOR A VIOLATION OF HIS STATUTORY SPEEDY TRIAL RIGHTS."
 I. {¶ 10} In his sole Assignment of Error, appellant challenges the trial court's denial of his statutory speedy trial motion to dismiss.
 {¶ 11} The right to a speedy trial is encompassed within theSixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. State v.Ladd (1978), 56 Ohio St.2d 197, 383 N.E.2d 579; State v. Pachay (1980),64 Ohio St.2d 218, 416 N .E.2d 589. Ohio's Speedy Trial statute codifies the *Page 4 
constitutional guarantee of a speedy trial. Pachay, supra. Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. McDonald (June 30, 1999), Mahoning App. Nos. 97CA146 and 97CA148. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence.Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citing Brecksville v. Cook (1996), 75 Ohio St.3d 53, 57,661 N.E.2d 706.
 {¶ 12} R.C. 2945.71(C)(2) mandates that a person against whom a felony charge is pending shall be brought to trial within two-hundred and seventy days after the person's arrest. However, R.C. 2945.72(I) allows for tolling speedy trial time when an appeal filed pursuant to R.C. 2945.67 is pending.[1]
 {¶ 13} In the case sub judice, it is undisputed, on mathematical grounds, that 326 of the 458 days between appellant's indictment and trial are traceable to the time which elapsed during the State's appeal in Clements I. Appellant contends the State cannot extend speedy trial time via an "abortive appeal," i.e., an appeal in which the State is ultimately found to have improperly invoked R.C. 2945.67 as its procedural basis. In support, appellant directs us to State v.Perry (1990), 67 Ohio App.3d 775. In that case, the Third District Court of Appeals determined that where the State, in a prior abortive appeal in the action, had "never met either the jurisdictional or procedural *Page 5 
requirements for an appeal * * * under the provisions of R.C. 2945.67," the speedy trial time would not be recognized as tolled. Id. at 780.
 {¶ 14} Nonetheless, our reading of Perry indicates that the concern of the Third District Court in that case was that the defense motion to dismiss had been overruled by the trial court, according to the pertinent journal entry, and that there was simply no ruling in existence prejudicial to the State such as to warrant the initial prosecutor's appeal under R.C. 2945.67. See Perry at 779. In the case sub judice, in contrast, the prosecution's implicit theory on appeal inClements I, while ultimately unsuccessful, was that the trial court's decision to "amend" the indictment to exclude the enhancement provision was effectively a ruling on a motion to suppress, prejudicial to the State, and was therefore appealable as of right under R.C. 2945.67. Cf.State v. Malinovsky (1991), 60 Ohio St.3d 20, 24-25. We note R.C. 2945.72(I) uses the broad language of "an appeal filed pursuant to" R.C. 2945.67; the General Assembly has not indicated that the State must be successful in its appeal in order to subsequently benefit from the tolling provision. Indeed, in State v. Padavick (Feb. 18, 1988), Cuyahoga App. No. 53343, the Eighth District Court of Appeals found that speedy trial time was tolled during a prior appeal by the State, even where the Court had dismissed said prior appeal as being untimely.
 {¶ 15} In the case sub judice, the record provides no suggestion that the State was acting in bad faith or pursuing a frivolous appeal inClements I, such that constitutional concerns would arise that appellant's case was being prejudicially prolonged. We hereby hold that the State's appeal in Clements I, albeit resulting in dismissal by this Court, tolled the speedy trial time under the circumstances of this *Page 6 
case, and therefore the trial court did not err in subsequently denying appellant's statutory speedy trial motion to dismiss.
 {¶ 16} Appellant's sole Assignment of Error is overruled.
 {¶ 17} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Farmer, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs assessed to appellant.
[1] 2945.67(A) sets forth the general authority for the State to appeal in a criminal case. *Page 1