CITY OF AKRON, APPELLANT, *v.*
DOWNEY ET AL., APPELLEES.

(Nos. 11361 and 11453—Decided
April 25, 1984.)

*Gary Rosen,* prosecuting attorney,
for appellant.

*Charles E. Grisi,* for appellees.

GEORGE, J. These actions were commenced in October 1981, against Kathryn Downey and Helen Uplinger, appellees, for pandering obscenity in violation of R.C. 2907.32(A)(2). The state has appealed the dismissal of both cases and presents one assignment of error for review.

### Assignment of Error

"The trial court erred in dismissing the sale counts of pandering obscenity against each defendant for the purported failure to comply with the constitutional and statutory provisions of speedy trial."

A review of the procedural history of these cases is necessary to ascertain whether the limits of the speedy trial provisions have been exceeded. A summons was served on Downey on October 5, 1981, and on Uplinger on October 6, 1981. On October 16, 1981, both filed motions to suppress. The motions to suppress were granted as to a portion of the evidence on January 11, 1982. The state took an appeal from this ruling pursuant to R.C. 2945.67 on January 18, 1982. On June 16, 1982, this court issued its decision affirming the trial court's ruling and remanded the cases for trial. On August 19, 1982, Uplinger and Downey filed motions to dismiss based upon the trial court's previous order to suppress certain evidence. The trial court granted the motion to dismiss on September 23, 1982, and the state appealed that decision. On February 9, 1983, this court reversed the judgment of the trial court and once again remanded the cases for trial. On February 17, 1983, Uplinger and Downey filed a notice of appeal with the Supreme Court. The Supreme Court denied the motion to certify on April 20, 1983. Uplinger and Downey next filed motions to dismiss on May 6, 1983, on the basis that their rights to a speedy trial had been violated. The trial court granted their motions to dismiss on September 5, 1983, from which the state has instituted this appeal.

R.C. 2945.71 provides in part:

"(B) A person * * * shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

In addition, R.C. 2945.72 provides:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and

trial, may be extended only by the following:

"* * *

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

"* * *

"(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

"* * *

"(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."

In calculating the number of days spent, it is necessary to apply the language and the import of R.C. 2945.72. This court recognizes that the statute provides sparse guidelines for determining the events which toll the time, as well as when such tolling is concluded. Here, a novel situation is presented because several appeals have been taken during the course of this process.

The speedy trial statute does not apply once a trial has taken place and a new trial is ordered. *State* v. *Turner* (1982), 4 Ohio App. 3d 305; and *State* v. *Gettys* (1976), 49 Ohio App. 2d 241 [3 O.O.3d 286]. What the statute does require is for the state to initially bring a defendant to trial within a given period. Thus, although Downey and Uplinger have never been brought to trial and the statute provides for a ninety-day period from summons to trial, the applicability of the statute to the facts here must first be determined.

Much of the time in these cases has been consumed by appeals taken pursuant to R.C. 2945.67. The issue presented is when does the time begin to run once it has been tolled under R.C. 2945.72(I). Upon a review of the procedure involved in an appeal taken prior to trial, this court notes the language of the statute lacks specificity. Once an appeal has been decided by the intermediate appellate court, the appellate process is not thus concluded. Section 1(A), Rule I of the Supreme Court Rules of Practice provides for a time period of thirty days in which a further appeal may be filed. During that appeal time it might be unwise to proceed with a trial since a further appeal could be perfected divesting the trial court of its jurisdiction. Therefore, the time, once tolled by R.C. 2945.72(I), does not again run until the thirty-day period for filing an appeal has lapsed.

Furthermore, this court is cognizant that a certain reasonable period of time is necessary for case administration. This necessity is exemplified by the present case wherein several appeals have been taken on different judicial levels. In such a situation the immediate administration of the case, when remanded, is at least awkward, if not impossible. Thus, the thirty-day appeal time may be used to facilitate the transfer of court records from one judicial level to another.

In the present case a notice of appeal was filed with the Supreme Court. Subsequently, the motion to certify was denied. Does the time begin to run with the denial of the motion to certify? No. Section 1, Rule IX of the Supreme Court Rules of Practice provides that a motion for rehearing may be filed within ten days from the date of the denial of certification. Since further appellate action may be taken, the time is tolled until the ten-day period for rehearing has passed.

Applying these interpretations of the statute to these cases, a calculation must now be made as to the number of days used. Between the filing of the summons and the motion to suppress, eleven days elapsed for Downey and ten days for Uplinger. Upon the filing of the motion to suppress the time was tolled. The time began to run again on January 11, 1982, when the trial court granted

the motion to suppress. The time was tolled again on January 18, 1982, with the filing of the notice of appeal and after seven days had elapsed. The time did not begin to run again until July 16, 1982, when the appellate process ended. A motion to dismiss was filed on August 19, 1982, which tolled the time after thirty-three days had been used. After the motion to dismiss was granted, the speedy trial statute was inapplicable. *United States* v. *MacDonald* (1982), 456 U.S. 1. The time was tolled once again, until April 30, 1983, when the appellate process was concluded with the expiration of the time for rehearing. On May 6, 1983, a motion to dismiss was filed which tolled the time after six days had lapsed.

Therefore, fifty-seven days have been consumed with respect to Downey, and fifty-six days have been consumed with respect to Uplinger. The assignment of error is well-taken. Accordingly, the judgment of dismissal is reversed and it is ordered that each case proceed within the time remaining.

*Judgment reversed.*

BAIRD, P.J., and QUILLIN, J., concur.