OPINION
After his motion to dismiss on speedy trial grounds was overruled, Willie Clark pleaded no contest to possession of non-crack cocaine in excess of 1,000 grams. The trial court found Clark guilty and sentenced him to a mandatory term of ten years imprisonment.
On appeal, Clark asserts the following assignment of error:
 THE TRIAL COURT ERRED BY FAILING TO DISMISS THE CHARGE AGAINST MR. CLARK WHEN THE STATE FAILED TO COMPLY WITH THE SPEEDY TRIAL REQUIREMENTS OF R.C. 2945.71.
After Clark successfully moved for the suppression of evidence in the trial court, we reversed the order of suppression and remanded to the trial court for trial. State v. Clark (Nov. 3, 2000), Montgomery App. No. 18314, 2000 WL 1643789.
On December 20, 2000, Clark sought further appellate review by filing a notice of appeal with the Supreme Court of Ohio. The supreme court denied further review on May 2, 2001. Thereafter, trial was scheduled for June 4, 2001. On June 1, 2001, Clark moved for dismissal for want of a speedy trial as provided for in R.C. 2945.71.
The issue is whether the period during which Clark sought further review by the supreme court: December 20, 2000, through May 2, 2001 — in the absence of any stays by the trial court, court of appeals, or supreme court — counts against the State for statutory speedy trial purposes. The parties agree that if the period counts against the State, Clark was denied his right to a speedy trial. The parties also agree that if Clark's notice of appeal operated to toll the time within which he had a right to be tried, Clark was not denied his right to a speedy trial.
At the outset, we note our disagreement with the State that Clark's December 20 notice of appeal in the supreme court divested the trial court of jurisdiction to afford Clark a trial. Indeed, tolling under R.C. 2945.72 is generally not occasioned by lack of jurisdiction in the trial court.
The trial court determined that the notice of appeal in the supreme court tolled the time between December 20, 2000, and May 2, 2001 pursuant to R.C. 2945.72(E):
 Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused.
Clark contends that his notice of appeal did not "necessitate" a delay because had he been tried and convicted during the pendency of the supreme court proceedings, and had the supreme court afforded further review, and had the supreme court ruled in his favor on the suppression issue, the trial court could have simply vacated his conviction. Given the slim chance that the supreme court would have afforded review, the argument continues, it was not necessary for the trial court to await the outcome of the supreme court proceedings before affording Clark a trial.
We disagree. The trial court had no reason to believe that Clark would not diligently pursue further review by the supreme court of a question upon which he had prevailed in the trial court. Nor did the trial court know for certain that the supreme court would not afford Clark further review, or, having done so, rule in his favor. The trial court was not required to hold a trial where the outcome — if Clark was convicted — would have been in doubt until the supreme court had spoken.
We recognize that the Court of Appeals for Lucas County held that R.C.2945.72 did not operate to toll the speedy trial time during the period that a defendant's petition for a writ of certiorari in the Supreme Court of the United States was pending. State v. Geraldo (1983),13 Ohio App.3d 27, 29. There is no principled way to reconcile this case and Geraldo other than to say that because the odds of a defendant obtaining further review from the Supreme Court of the United States are even slimmer than the odds of obtaining further review from the Supreme Court of Ohio, a petition for a writ of certiorari does not necessitate delaying trial whereas a notice of appeal in our state supreme court does.
In any event, the opinions of Ohio appellate courts which have considered similar issues support the proposition that a notice of appeal filed by a defendant in the supreme court after an adverse appellate ruling on a suppression issue tolls the speedy trial time during that period of time that the notice of appeal is pending in the supreme court.
Akron v. Downey (1984), 24 Ohio App.3d 225, a Ninth District case, involved, as does this case, a prosecution appeal from an adverse ruling on a suppression motion in the trial court. However, the procedural history of Downey that prompted the language for which Downey has since been cited is as follows: the court of appeals affirmed the order of suppression and remanded for trial; thereafter the defendants moved to dismiss based on the favorable suppression ruling and the trial court sustained the motion to dismiss; the prosecution appealed and the court of appeals reversed the judgment of dismissal and remanded for trial; the defendants filed a notice of appeal with the Supreme Court of Ohio; the supreme court subsequently denied defendants' motion to certify.
Pursuant to R.C. 2945.67, the prosecution may appeal as a matter of right a trial court decision which grants a motion to dismiss (Downey) or which grants a motion to suppress evidence (this case). Pursuant to R.C. 2945.72(I), speedy trial time is tolled during any period during which an appeal filed pursuant to R.C. 2945.67 is pending.
The Ninth District framed the question and then answered it as follows:
 The issue presented is when does the time begin to run once it has been tolled under R.C. 2945.72(I).
* * *
 Once an appeal has been decided by the intermediate appellate court, the appellate process is not thus concluded. Section 1(A), Rule I of the Supreme Court Rules of Practice provides for a time period of thirty days in which a further appeal may be filed. During that appeal time it might be unwise to proceed with a trial since a further appeal could be perfected divesting the trial court of its jurisdiction. Therefore, the time, once tolled by R.C. 2945.72(I), does not again run until the thirty-day period for filing an appeal has lapsed.
* * *
 In the present case a notice of appeal was filed with the Supreme Court. Subsequently, the motion to certify was denied. Does the time begin to run with the denial of the motion to certify? No. Section 1, Rule IX of the Supreme Court Rules of Practice provides that a motion for rehearing may be filed within ten days from the date of the denial of certification. Since further appellate action may be taken, the time is tolled until the ten-day period for rehearing has passed.
Substituting the adverse appellate ruling on Clark's motion to suppress for the adverse appellate ruling on the Downey defendant's motion to dismiss, Downey is on all fours with this case except that here the State has only argued that the speedy trial time was tolled by Clark's filing a notice of appeal in the supreme court. We have, however, cited Downey
for the proposition that after an appellate court reverses a suppression order, speedy trial time continues to be tolled during the period — then 30, now 45 days — during which the defendant may seek further review from the Supreme Court of Ohio. State v. Thompson (May 24, 1988), Montgomery App. No. 10119.
In State v. Arden (Sept. 28, 1994), Adams App. No. 93 CA 567, the defendant moved to withdraw his earlier guilty plea, which the trial court denied. The appellate court reversed and remanded to the trial court for trial. The State moved for leave to appeal in the Supreme Court of Ohio, which denied leave to appeal. The defendant successfully moved in the trial court for dismissal on speedy trial grounds. The State appealed to the appellate court and the issue was, similar to the issue here, whether the State's attempt to obtain further review by the supreme court of the adverse ruling of the appellate court on the withdrawal of plea issue tolled the speedy trial time. The Fourth District held that it did:
 The state cites Judge Grey's opinion in another case by our court, State v. Lucas (Mar. 20, 1986), Athens App. No. 1259, unreported:
 `A careful reading of (R.C. 2945.71) should put any accused and his attorney on notice that when a motion is filed it will be followed to its logical and final conclusion. This conclusion includes all appeals resulting from said motion.'
 The state further cites Akron v. Downey (1986), 24 Ohio App.3d 225, where the court held that when a notice of appeal is filed in the Ohio Supreme Court and certiorari denied, the speedy trial time is tolled until the running of the ten day period of time for rehearing.
We agree with our prior decision in Lucas and the court in Downey that when an accused files a motion, the speedy trial time is stayed until the expiration of all appeals on the motion. We note that even though R.C.2945.72 doesn't specifically mention appeals to the Ohio Supreme Court pursuant to R.C. 2953.14, the former statute permits the tolling of the speedy trial time during:
 `(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceedings, or action made or instituted by the accused.'
 * * *
Thus, when an accused files a motion, the speedy trial time is tolled until the expiration of all appeals on the motion. In the case subjudice, the basis of the state's attempted appeal of our judgment to the Ohio Supreme Court was appellee's own motion to withdraw his guilty plea. Thus, the time that elapsed during appellant's attempted appeal of our May 21, 1993 judgment is chargeable to appellee. See R.C. 2945.72(E). We further note that in Satte v. Boyd (Nov. 17, 1989), Lake App. No. 88-L-13-165, unreported, the court held that speedy trial time is tolled during any period in which appellate action initiated by either party may be taken and lasts until appellate jurisdiction lapsed.
Under the Arden analysis, if the State's notice of appeal in the supreme court tolled the speedy trial time, certainly a defendant's notice of appeal should have the same effect.
Whether the issue is analyzed under R.C. 2945.72(E), the analysis employed by the trial court and in Arden, or under R.C. 2945.72(I), which was the focus in Downey, we conclude that Clark's notice of appeal filed December 20, 2000, tolled the speedy trial time for the period during which that notice of appeal was pending in the Supreme Court of Ohio.
The assignment of error is overruled.
The judgment will be affirmed.
FAIN, J. and YOUNG, J., concur.