[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The cases have been sua sponte consolidated under the case numbered C-020219.
 JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
On November 18, 2000, defendant-appellee Lance Sims was arrested and charged with three offenses. In the case numbered 00TRC-52584(A), Sims was charged with operating a motor vehicle while under the influence of alcohol ("DUI") in violation of R.C. 4511.19(A)(1). In the case numbered 00TRC-52584(B), Sims was charged with operating a motor vehicle with a prohibited alcohol concentration in violation of R.C. 4511.19(A)(3). And in the case numbered 00TRC-52584(C), Sims was charged with failing to stop at an intersection in violation of Cincinnati Municipal Code 506-35.
At a pretrial hearing on December 12, 2000, Sims informed the court that he was filing motions to suppress and requested a hearing on the motions. On January 16, 2001, the state requested a continuance of the hearing on the motions to suppress. At a hearing on the motions conducted on February 13, 2001, the parties clarified that the only issue before the court was the field sobriety test and whether there was probable cause to arrest; thus, Sims was not contesting the initial traffic stop. For reasons not identified in the record, the hearing was continued in progress until February 28, 2001. The hearing was concluded on February 28, and the trial court took the cases under submission. On March 7, 2001, the trial court granted the motions to suppress for the two DUI charges in the cases numbered 00TRC-52584(A) and (B), but denied the motion to suppress for the failure-to-stop charge in the case numbered 00TRC-52584(C). On the same day, the state requested a continuance.
On March 12, 2001, the trial court issued a stay due to the fact that the state had appealed from the trial court's judgment granting the motions to suppress in the cases numbered 00TRC-52584(A) and (B). The appeals were time-stamped with this court on March 13, 2001. On October 26, 2001, we issued our decision reversing the judgment of the trial court and remanding the cases for further proceedings.[2]
On November 1, 2001, a second pretrial conference was conducted for all three charges, and the cases were continued for plea or trial at Sims's request. On December 10, 2001, the trial was continued. On January 28, 2002, all three cases were dismissed because, according to the trial court, the state was not ready for trial.
On February 5, 2002, the state refiled two charges against Sims. The refiled charges, now identified under case numbered 02TRC-4228(A) and (B), were for operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1), and for operating a motor vehicle with a prohibited alcohol concentration in violation of R.C.4511.19(A)(3). The state did not refile the failure-to-stop charge.
A pretrial conference was conducted on February 12, 2002. A trial was set to commence on February 19, 2002, but the court granted a continuance on that day because the state was unable to proceed. On March 5, 2002, Sims filed a motion to dismiss for speedy-trial violations, and the cases were continued at Sims's request. On March 13, 2002, the two cases were dismissed for speedy-trial violations.
The state has filed three notices of appeal. In the appeal numbered C-020219, the state appeals from the trial court's entry dismissing the case numbered 02TRC-4228(A). In the appeal numbered C-020220, the state appeals from the trial court's entry dismissing the case numbered 02TRC-4228(B). And in the appeal numbered C-020221, the state's appeal case numbered 02TRC-4228(C). But because the state did not refile a charge under the case numbered 02TRC-4228(C), and because there is no known case given that number, the state does not have a viable appeal in this respect. Accordingly, we dismiss the appeal numbered C-020221. Given that, we only address the state's appeal from the entries in the cases numbered 02TRC-4228(A) and (B).
In its sole assignment of error, the state maintains that the trial court erred in granting Sims's motions to dismiss pursuant to the speedy-trial statutes, because the state brought Sims to trial within the applicable 90-day time limit. We do not agree.
R.C. 2945.71(B)(2) requires that a defendant charged with a first-degree misdemeanor be brought to trial within 90 days after arrest or service of summons. Under R.C. 2945.71(D), misdemeanor offenses of varying degrees that arise out of the same act or transaction "shall be brought to trial * * * within the time period required for the highest degree of offense charged * * *." The 90-day statutory rule is not absolute, however, and time may be extended or tolled under certain circumstances listed in R.C. 2945.72.
Sims was arrested on November 18, 2000, for two DUIs, both first-degree misdemeanors, and for failing to stop at a stop sign. Because the DUI violations were misdemeanor of the first degree, the state was required to bring Sims to trial within 90 days of his arrest once formal charges were actually pending against him.[3]
We first examine the time between the filing of the original charges on November 18, 2000, and the trial court's dismissal on January 28, 2002. The first period of time in controversy involves March 7, 2001, (the date that the motions to suppress were granted) to March 12, 2001 (the date a stay was granted for the state's appeal from suppression orders). The state argues that the five-day period should not have been counted against it pursuant to R.C. 2945.72.
Pursuant to R.C. 2945.72(I), time may be tolled for "pending appeals." The state filed its appeals on March 13, 2001. An appeal is not considered to be "pending" until it is filed. Therefore, time between March 7 and 12 could not have been tolled under R.C. 2945.72(I). While the record is unclear why the five-day continuance was granted, the trial court's entry clearly states that the continuance was granted at the state's request; thus, we hold that this period of time had to be counted against the state for purposes of the speedy-trial statutes.
The second period of time in contention involves October 26, 2001, (the date the state's appeals were decided) to November 1, 2001 (the date of the second pretrial conference). The state maintains that the time was improperly charged against it because the time for trial should have been tolled until the period for filing an appeal with the Ohio Supreme Court had lapsed. The state relies on Akron v. Downey, which held that, once the speedy-trial time is tolled pursuant to R.C. 2945.72(I), time does not start running again until the period for filing an appeal with the Ohio Supreme Court has lapsed.[4] Here, the speedy-trial time could not have been tolled in favor of the state under R.C. 2945.72(I) because the state, as the prevailing party in the first appeal to this court, had nothing from which to appeal to the Ohio Supreme Court. Accordingly, the time was properly charged to the state.
The last period of contention involves January 28, 2002, (the date when the cases were dismissed) to March 5, 2002 (the date when the cases were dismissed). Seventy-eight days lapsed between November 18, 2000 (the date when Sims was arrested) and January 28, 2002 (the date when the cases were dismissed). Because time was not charged to the state between the time the cases were dismissed on January 28, 2002, and the date the DUI charges were refiled on February 5, 2002, we do not consider that period.
Pursuant to State v. Broughton,[5] any time that has elapsed from the filing of the original charges should be tacked on to the time that runs from the refilling of the charges where the refiled charges are based on the same facts.[6] When the state refiled the two DUI charges in this case, 78 days were properly charged against the state. Thus, the 78 days had to be tacked on to the period commencing February 5, 2002, when the state refiled identical charges for the two DUI violations.
At a pretrial conference on February 12, 2002, the trial court set the matter for trial on February 19, 2002. The state maintains that the 14-day period between February 5, 2002, and February 19, 2002, should not have been charged against it because it had a "reasonable time" in which to retry Sims following the reversal of the suppression orders. We hold that the state was given a reasonable time to refile the charges.
R.C. 2945.71(B) mandates that the time for trial of a misdemeanor charge only runs against the state during the time in which the charge is actually pending in the court of record. Here, in accord withBroughton,[7] time did not commence running until the new charges were pending in the trial court.[8] At that time, the state should have been ready to proceed to trial; therefore, the 14-day period between the refiling of the charges and the date for trial was properly charged against the state.
On February 19, 2002, pursuant to our own calculations and the calculations of the trial court, the state had exceeded the speedy-trial time limitation by two days. On February 19, 2002, the day of trial, the state requested a continuance, and the case was continued to March 5, 2002. The court did not journalize its reasons for granting the continuance; the record only states that the state requested a continuance. A trial court speaks through its journal.[9] Having not provided a reason in its journal, we hold that the additional time should have been charged against the state. Even if we were to hold, as the state suggests, that time should have been tolled during the period of the continuances, the state had already exceeded the 90-day speedy-trial limit. It is well settled that the provisions of R.C. 2945.72, which extend the 90-day period, are to be strictly construed against the state.[10] Accordingly, we conclude that the trial court did not err in granting Sims' motions to dismiss the two DUI charges.
In sum, we affirm the judgment of the trial court in the appeals numbered C-020219 and C-020220, and we dismiss the appeal numbered C-020221.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[2] The appeals were considered under the cases numbered C-010178 and C-010179.
[3] We need not be concerned with the time for bringing Sims to trial for the minor misdemeanor of failing to stop since the charge was ultimately dismissed.
[4] (1984), 24 Ohio App.3d 225, 226, 495 N.E.2d 28.
[5] (1991), 62 Ohio St.3d 253, 581 N.E.2d 541. See, also, Statev. Cooney (1997), 124 Ohio App.3d 570, 706 N.E.2d 854.
[6] See State v. Broughton, supra, at 260-261.
[7] See id. at 259-260.
[8] See, also, State v. Mraz (Dec. 17, 1999), 4th Dist. No. 98-P-0094.
[9] See State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117,118, 551 N.E.2d 183.
[10] See State v. Singer (1977), 50 Ohio St.2d 103, 108-109,362 N.E.2d 1216.