[Cite as *State v. Hollaender*, 2014-Ohio-1782.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

     Appellee

v.

ROBERT P. HOLLAENDER, III

     Appellant

C.A. Nos.    12CA0040
                13CA0006

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    TRC-12-05-4343

DECISION AND JOURNAL ENTRY

Dated: April 28, 2014

---

BELFANCE, Judge.

{¶1} Defendant-Appellant Robert Hollaender, III appeals from decisions of the Wayne County Municipal Court. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} A complaint was filed against Mr. Hollaender on May 19, 2012, asserting that he violated R.C. 4511.19(A)(1)(a), 4511.19(A)(1)(d), and Wooster Codified Ordinances 331.14. Additionally, based upon Mr. Hollaender's breath alcohol content of 0.147, Mr. Hollaender's license was suspended pursuant to an administrative license suspension ("ALS"). Mr. Hollaender was arraigned on May 22, 2012. On June 4, 2012, Mr. Hollaender appealed the ALS and filed a motion to stay the ALS on June 8, 2012. Mr. Hollaender's motion to stay was denied the same day, but it does not appear from the record that the merits of his ALS appeal were ever resolved.

{¶3} On June 19, 2012, Mr. Hollaender filed a motion to suppress, which the trial court scheduled for a hearing on July 23, 2012. Mr. Hollaender requested a continuance of the hearing and waived his right to a speedy trial during the period of the continuance. The trial court reset the matter for a hearing on July 30, 2012. On June 29, 2012, Mr. Hollaender filed a petition for limited driving privileges pursuant to R.C. 4511.197(E), which was denied July 2, 2012. Mr. Hollaender filed a notice of appeal of the trial court's denial of his petition for driving privileges on July 16, 2012. At the time of the scheduled suppression hearing, Mr. Hollaender's counsel indicated his desire to proceed with the hearing, but the trial court concluded that it could not do so because Mr. Hollaender had filed a notice of appeal of the denial of driving privileges. The State did not disagree with the trial court's conclusions notwithstanding Mr. Hollaender's counsel's insistence that the trial court had jurisdiction to proceed. In December 2012, this Court dismissed Mr. Hollaender's appeal for failure to file a brief.

{¶4} Thereafter, on January 23, 2012, the trial court held a hearing on Mr. Hollaender's motion to suppress. That same day Mr. Hollaender filed a motion to dismiss based upon a violation of his right to a speedy trial. The next day, the trial court denied Mr. Hollaender's motion to suppress and, on January 28, 2013, denied his motion to dismiss. Subsequently, Mr. Hollaender entered a no contest plea to the charges and was sentenced on January 30, 2013.

{¶5} Mr. Hollaender's appeal from the denial of his petition for driving privileges was reinstated February 1, 2013, and he appealed the judgment of conviction on February 8, 2013. This Court consolidated the appeals. Mr. Hollaender has raised a total of three assignments of error, two related to the criminal matter and one related to the denial of his petition for driving privileges in the ALS proceeding.

II.

**Criminal Appeal**

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING "MOTION OF DEFENDANT, ROBERT P. HOLLAENDER, TO DISMISS FOR VIOLATION OF SPEEDY TRIAL RIGHTS."

{¶6} Mr. Hollaender asserts in his first assignment of error that the trial court erred in denying his motion to dismiss for violation of his speedy trial rights. Based upon the circumstances of this case, we agree.

{¶7} "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the state of Ohio." *State v. Pachay,* 64 Ohio St.2d 218, 219 (1980). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *Id.* at syllabus.

{¶8} As the highest degree of offense Mr. Hollaender was charged with was a first-degree misdemeanor, Mr. Hollaender was required to be brought to trial within 90 days after his arrest. R.C. 2945.71(B)(2), (D); *State v. Williams,* 9th Dist. Lorain No. 11CA010026, 2012-Ohio-3417, ¶ 25 ("The defendant's speedy trial clock begins to run on the day after arrest or service of summons."). Mr. Hollaender entered his no contest plea on January 30, 2013, day 256. At the time Mr. Hollaender filed his motion to dismiss on January 23, 2013, well over 200 days had passed from the date the speedy trial clock began to run, thereby establishing Mr. Hollaender's prima facie case for discharge. *See* R.C. 2945.73(B); *Akron v. Newman,* 9th Dist.

Summit No. 14169, 1989 WL 126307, *1 (Oct. 25, 1989). The State has asserted that the speedy trial time was tolled or extended pursuant to various events.[1]

> The time within which an accused must be brought to trial * * * may be extended only by the following:
>
> (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
>
> (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
>
> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
>
> (D) Any period of delay occasioned by the neglect or improper act of the accused;
>
> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
>
> (F) Any period of delay necessitated by a removal or change of venue pursuant to law;
>
> (G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;
>
> (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
>
> (I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

R.C. 2945.72.

---

[1] The tolling events discussed herein are the only events the State asserts would toll the speedy trial time.

{¶9} Additionally, "'[i]t is well-settled law that an accused may waive his constitutional right to a speedy trial provided that such a waiver is knowingly and voluntarily made.'" *State v. Troutman,* 9th Dist. Lorain No. 09CA009590, 2010-Ohio-39, ¶ 20, quoting *State v. King*, 70 Ohio St.3d 158, 160 (1994). "'To be effective, an accused's waiver of his or her constitutional and statutory rights to a speedy trial must be expressed in writing or made in open court on the record.'" *Troutman* at ¶ 20, quoting *King* at syllabus.

{¶10} Mr. Hollaender filed a motion for discovery on June 4, 2012, to which the State responded on June 5, 2012, thereby tolling the speedy trial time by one day. *See* R.C. 2945.72(E); *State v. Brown,* 98 Ohio St.3d 121, 2002-Ohio-7040, ¶ 23. Additionally, the filing of Mr. Hollaender's motion to dismiss on speedy trial grounds on January 23, 2013, tolled the running of the speedy trial clock for six days until it was ruled upon on January 28, 2013. *See State v. Szorady,* 9th Dist. Lorain No. 02CA008159, 2003-Ohio-2716, ¶ 14. On June 19, 2012, Mr. Hollaender filed a motion to suppress. That matter was initially scheduled for a hearing on July 23, 2012; however, prior to the date scheduled for hearing, Mr. Hollaender filed a motion to continue the hearing (which also included a waiver of speedy trial time for the period of the continuance). The motion was granted and the suppression hearing was continued until July 30, 2012.

{¶11} At the time of the scheduled hearing on July 30, 2012, the trial court raised concerns related to Mr. Hollaender filing a notice of appeal on July 16, 2012, of the trial court's denial of Mr. Hollaender's motion for driving privileges. While the court questioned whether that denial of driving privileges was a final, appealable order, the court also indicated that it did not believe it had jurisdiction to proceed with the suppression hearing in light of the notice of appeal of the driving privileges issue. The State did not attempt to persuade the trial court

otherwise. However, Mr. Hollaender's counsel argued that the trial court could proceed as the appeal of the driving privileges was related to the ALS matter, which was civil in nature and was separate from the criminal suppression matter then before the trial court. The trial court was not persuaded, and, on August 1, 2012, it issued an entry concluding that, based upon Mr. Hollaender's appeal, "the Court is of the opinion that it no longer has jurisdiction to hear the motion to suppress until the Court of Appeals renders its opinion or determines that the denial of driving privileges in a pending case is not a final appealable order." This Court dismissed the driving privileges appeal in December 2012 for the failure to file a brief. Thereafter, the trial court scheduled a suppression hearing for January 23, 2013. Following the hearing, the trial court issued an entry denying Mr. Hollaender's motion to suppress on January 24, 2013.

{¶12} Recently, this Court reiterated that

a motion to suppress tolls the speedy trial clock from the time the defendant files the motion until the trial court disposes of the motion, as long as the trial court's disposition occurs within a reasonable time. The determination of whether a trial court disposed of a motion within a reasonable time necessarily involves a thorough examination of the circumstances. Moreover, a reviewing court must consider the complexity of the facts, the difficulty of the legal issues presented in the case at issue, and the demands placed on the time and schedules of trial court judges.

(Internal quotations and citations omitted.) *State v. Miles,* 9th Dist. Medina No. 12CA0102-M, 2013-Ohio-4272, ¶ 8.

{¶13} Given the significant amount of time that elapsed between when the motion to suppress was filed on June 19, 2012, and when it was ruled upon, on January 24, 2013, the focus of the parties' arguments is on this block of time. From this Court's calculation, that block of time amounts to 220 days. The State asserts that this amount of time was reasonable, while Mr. Hollaender contends that it was not. There does not appear to be any disagreement that time was reasonably tolled from June 19, 2012, when the motion was filed, until at least July 30, 2012,

when the suppression hearing was supposed to take place, a period of 42 days. The disagreement arises with respect to whether the trial court was reasonable in failing to proceed with the criminal suppression hearing in light of the pending civil appeal of the denial of driving privileges in this Court, and, therefore, whether the delay from July 31, 2012, through January 24, 2013, was reasonable. We cannot conclude that it was.

{¶14} Pursuant to R.C. 4511.191(B), the Bureau of Motor Vehicles (BMV) imposes a suspension upon a person who is arrested for OVI and who refuses to take the chemical test or who tests above the prohibited alcohol level. The period of suspension varies depending upon whether the arrestee has prior OVI convictions or prior refusals. *See* R.C. 4511.191(B)(1)(a)-(d). A person who is subject to a BMV ALS may petition for limited driving privileges. R.C. 4511.197(E). Notably, unless expressly allowed by the Ohio Revised Code, a court is not permitted to grant limited driving privileges during any suspension imposed by the BMV. R.C. 4510.021(B). In the instant matter, Mr. Hollaender was subject to an ALS, and he petitioned the court for limited driving privileges pursuant to R.C. 4511.197(E), the subsection governing limited driving privileges while under an ALS.

{¶15} It is well established that "administrative-license-suspension proceedings under R.C. 4511.191 are civil and administrative in nature[ and] * * * that these proceedings are independent of any criminal proceeding pursuant to other statutes or ordinances." *State v. Williams,* 76 Ohio St.3d 290, 296 (1996); *see also State v. Gustafson,* 76 Ohio St.3d 425 (1996), paragraph two of the syllabus; *State v. Willard,* 9th Dist. Medina No. 04CA0045-M, 2005-Ohio-1627, ¶ 8 ("An administrative license suspension and a criminal prosecution for operating a vehicle under the influence which arise from the same arrest are separate proceedings."); *State v. Wisby,* 1st Dist. Hamilton Nos. C-020759, C-020758, 2003-Ohio-5834, ¶ 15 ("It is generally

agreed that an ALS appeal, while perhaps best treated as ancillary to a criminal prosecution for purposes of judicial economy, is nonetheless a separate civil/administrative remedial matter unrelated to the criminal case in which the defendant is charged."); *State v. Isham,* 2d Dist. Montgomery No. 17129, 1998 WL 785352, *3-*4 (Nov. 13, 1998) (concluding that time accrued during an ALS appeal in the trial court was not a tolling event in the related criminal matter). The dissent states that Mr. Hollaender's petition for driving privileges was filed as part of the criminal proceeding and was separate and distinct from the administrative license suspension. Under the facts of this case, we see no basis for that contention. Mr. Hollaender did not seek driving privileges in connection with his pending criminal case. As outlined above, Mr. Hollaender's petition for driving privileges was filed pursuant to R.C. 4511.197(E), a subsection of the same section that the dissent acknowledges addresses ALS appeals. This subsection delineates the procedure for seeking permissible driving privileges while under an ALS. This section clearly permits a person under an ALS to seek driving privileges irrespective of whether that person appeals the ALS. *See* R.C. 4511.197(E). Thus, even if Mr. Hollaender never wished to challenge the propriety of the ALS, he was nonetheless bound by the ALS provisions and was required to seek driving privileges in accordance with the ALS provisions. Moreover, there is nothing in the record to suggest that, at the time Mr. Hollaender filed his petition, he was subject to any other license suspension aside from the ALS.[2] *See* R.C. 4510.021(A) (indicating the

---

[2] Per R.C. 4511.197(E), a person subject to an ALS may file a petition for driving privileges in the court that has jurisdiction over the criminal offense. We note that R.C. 4510.021(B) further provides that, "[t]o obtain limited driving privileges during a suspension imposed by the bureau, the person under suspension may file a petition in a court of record in the county in which the person resides." Thus, it appears that a person subject to an ALS has several options available when seeking limited driving privileges. Assuming that R.C. 4510.021(B) applied to Mr. Hollaender, who listed Cincinnati as his city of residence at the time of the stop, he could have filed his petition for driving privileges in Hamilton County. Had the civil petition for driving privileges been filed in Hamilton County, we cannot discern how an appeal from a

circumstances under which driving privileges can be granted following a court-ordered suspension). Accordingly, based on the foregoing, we conclude that the only proceeding to which Mr. Hollaender's petition for driving privileges could relate is his civil ALS.

{¶16} Typically, when a matter is appealed, "the trial court loses jurisdiction except to take action in aid of the appeal." *See In re S.J.,* 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9. Nonetheless, "[t]he trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." *Id.* Given that the appeal of the denial of driving privileges and corresponding request for driving privileges was part of the civil ALS proceeding and that the motion to suppress was related to the criminal matter, there was no reasonable basis for the trial court to not proceed with the suppression hearing on July 30, 2012. We also note that Mr. Hollaender's counsel pointed out the flaw in the trial court's reasoning and, thus, the trial court was made aware of the distinction between a civil ALS matter and a criminal matter.[3] Moreover, even if the two matters were not considered separate proceedings, we fail to see how any action the trial court would take in hearing the motion to suppress and ruling on it would be inconsistent with this Court's jurisdiction over Mr. Hollaender's appeal of the denial of his petition for driving privileges. *See Wisby* at ¶ 18-19 (noting that a probable cause finding at a suppression hearing would not necessarily require the trial court to find probable cause at an ALS appeal proceeding given that the proceedings "do not

denial of that petition would provide a tolling event for purposes of speedy trial in the criminal action in Wayne County.

[3] The dissent states that there is no mechanism for piecemeal appeals in criminal cases, and thus there can never be an appeal from the denial of limited driving privileges given that such an appeal is part of the criminal case. This is precisely the reason why the ALS provisions are separate from the criminal matter. Given the importance of driving privileges as the means to maintain employment, as well as meeting family and medical needs, it is troubling that a person could never challenge the inappropriate denial of driving privileges until the criminal case is concluded.

share a common purpose or procedure[,]" and, thus, collateral estoppel should not apply). Accordingly, we cannot say that it was reasonable for the trial court to fail to conduct the suppression hearing on July 30, 2012. The delay attributable to the trial court's misunderstanding of the law cannot be attributed to Mr. Hollaender. *See Isham* at \*4 (noting that "[t]he fact that the State and the trial court may have had a good faith belief that the speedy trial requirements of R.C. 2945.71 were 'tolled' during the civil proceedings is of no legal consequence.")

**{¶17}** The question remains how much time would have been reasonable for the trial court to rule on the motion to suppress, as that time should also be tolled. *See Miles,* 2013-Ohio-4272, at ¶ 8. Given that the trial court only took one day to rule on the motion once it was heard in January 2013, there is an argument to be made that the trial court should have ruled upon Mr. Hollaender's motion on July 31, 2012, thereby bringing the total tolling days for the suppression motion to 43. However, it is equally arguable that one day is insufficient to issue a judgment entry ruling on a motion to suppress. This Court in *Miles* noted that "[t]he Ohio Rules of Superintendence provide that '[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed \* \* \*.'" *Miles* at ¶ 10, quoting Sup.R. 40(A)(3). Using that figure, Mr. Hollaender's motion should have been ruled upon by October 18, 2012. Accordingly, even if we were to use the Ohio Rules of Superintendence as a guideline, when the trial court ruled on Mr. Hollaender's motion to suppress on January 24, 2013, it exceeded those guidelines by over 90 days. Therefore, it is clear that well over 90 days passed for purposes of speedy trial, and Mr. Hollaender was entitled to have his motion to dismiss granted. The trial court is ordered to discharge Mr. Hollaender. His first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING IN PART THE STATE'S MOTION TO DENY DEFENDANT'S MOTION TO SUPPRESS WITHOUT HEARING AND LIMITING THE SUPPRESSION HEARING TO ISSUES RELATED TO THE INITIAL STOP AND DETENTION OF MR. HOLLAENDER.

{¶18} Mr. Hollaender asserts in his second assignment of error that the trial court erred in denying his motion to suppress. However, our resolution of Mr. Hollaender's first assignment of error has rendered this assignment of error moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

**Appeal from the Denial of Driving Privileges**

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MR. HOLLAENDER'S PETITION FOR DRIVING PRIVILEGES.

{¶19} Mr. Hollaender asserts in his sole assignment of error related to his ALS that the trial court erred in denying his petition for driving privileges pursuant to R.C. 4511.197(E). Specifically, Mr. Hollaender asserts that the trial court abused its discretion by having a general policy of not granting driving privileges in pending cases. For the reasons set forth below, we overrule this assignment of error.

{¶20} As a preliminary matter, this Court is required to sua sponte raise questions related to our jurisdiction. *State v. Harger*, 9th Dist. Summit No. 26208, 2012-Ohio-2604, ¶ 4. This Court has jurisdiction only to hear an appeal taken from a judgment or final, appealable order. Ohio Constitution, Article IV, Section 3(B)(2). Pursuant to R.C. 2505.02(B)(4),

> [a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * *

> (4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶21} A "'[p]rovisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code." R.C. 2505.02(A)(3). We conclude that the denial of Mr. Hollaender's petition for limited driving privileges pursuant to R.C. 4511.197(E) is a final, appealable order under R.C. 2505.02(B)(4). Whether to grant driving privileges while under an ALS is ancillary to the ALS proceeding. *See* R.C. 2505.02(A)(3). Moreover, given the trial court's ruling, which provides that it has a policy of not granting privileges in pending cases, the issue of driving privileges has been effectively determined. R.C. 2505.02(B)(4)(a). Further, given that Mr. Hollaender was only subject to a 90-day ALS, it would be likely that the appeal of any motion under R.C. 4511.197(E) would be moot if he were required to wait until a later time to appeal. R.C. 2505.02(B)(4)(b). Finally, having limited occupational driving privileges allows a defendant who has his license suspended under R.C. 4511.191 the opportunity to maintain his ability to get to his place of employment. If the denial of that motion was not immediately appealable, it is likely that an appeal at a later time would not provide the defendant with an effective remedy; given the nature of the society we live in, it is very possible a defendant would lose his job in the interim if he could not get to work. In

light of the foregoing, under the circumstances of this case, we conclude that the order from which Mr. Hollaender appeals satisfies R.C. 2505.02(B)(4).

{¶22} However, even though we have determined that Mr. Hollaender has appealed from a final order, we still must determine whether we can address the merits of his argument. Mr. Hollaender's ALS was only for 90 days, and so, it has long since expired. Thus, it would appear that Mr. Hollaender's appeal from the denial of his petition for driving privileges would be moot. "A case is not moot if the issues are capable of repetition, yet evading review." *In re Huffer*, 47 Ohio St.3d 12 (1989), paragraph one of the syllabus. "This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." (Internal quotations and citation omitted.) *State ex. rel. Cincinnati Enquirer v. Heath,* 121 Ohio St.3d 165, 2009-Ohio-590, ¶ 11. "Likewise, if a case involves a matter of public or great general interest, the court is vested with the jurisdiction to hear the appeal, even though the case is moot." *In re Huffer* at 14. Notably, in deciding it was appropriate to consider the constitutionality of former R.C. 4507.169 despite the fact that the driver's license suspension was already completed, the Supreme Court of Ohio stated that "[m]any, if not most, of the driver's license suspensions would likely have been completed prior to the date any appeal would have been attempted to this court[.]" *Hughes v. Ohio Bur. of Motor Vehicles,* 79 Ohio St.3d 305, 307 (1997). Based upon the foregoing principles, we conclude that we can consider the merits of Mr. Hollaender's argument.

{¶23} R.C. 4511.197(E) states

[a]ny person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended pursuant to section 4511.191

of the Revised Code may file a petition requesting limited driving privileges in the common pleas court, municipal court, county court, mayor's court, or juvenile court with jurisdiction over the related criminal or delinquency case. The petition may be filed at any time subsequent to the date on which the arresting law enforcement officer serves the notice of suspension upon the arrested person but no later than thirty days after the arrested person's initial appearance or arraignment. Upon the making of the request, limited driving privileges may be granted under sections 4510.021 and 4510.13 of the Revised Code, regardless of whether the person appeals the suspension under this section or appeals the decision of the court on the appeal, and, if the person has so appealed the suspension or decision, regardless of whether the matter has been heard or decided by the court. The person shall pay the costs of the proceeding, notify the registrar of the filing of the petition, and send the registrar a copy of the petition.

**{¶24}** Mr. Hollaender filed his petition on June 29, 2012. The trial court denied it on July 2, 2012, stating that "[t]he court does not grant driving privileges on pending cases." Mr. Hollaender argues that this blanket policy constitutes an abuse of discretion. We agree.

**{¶25}** The policy of the trial court to not grant driving privileges evidences the trial court's abdication of the exercise of its discretion, as exercising discretion would require the consideration of the facts and circumstances of the matter at issue. Such a policy ignores the clear intent of the statute, i.e. that, under some circumstances, to be determined by the trial court, it is appropriate to award driving privileges. Having a general rule of this kind is, thus, an abuse of discretion. *See Smith v. Smith,* 3d Dist. Wyandot No. 16-01-03, 2001 WL 929375, *1 (Aug. 16, 2001) ("To render a decision based upon a blanket court policy would rise, at least, to the level of an abuse of discretion."); *State v. Ritch,* 4th Dist. Scioto No. 99 CA 2634, 1999 WL 787924, *2 (Sept. 21, 1999) (determining that such a policy to not grant privileges would be an abuse of discretion but finding the issue appealed moot); *State v. Carter,* 124 Ohio App.3d 423, 428 (2d Dist.1997) ("We find that the trial court's policy of not accepting no-contest pleas constituted an abuse of discretion in that the trial court arbitrarily refused to consider the facts and circumstances presented, but instead relied on a fixed policy established at its whim."); *Bur.*

*of Motor Vehicles v. Hesson,* 4th Dist. Washington No. 85 X 13, 1986 WL 3414, *2 (Mar. 20, 1986) (evaluating a similar policy concerning driving privileges under a former statute).

**{¶26}** However, because Mr. Hollaender has not demonstrated he was prejudiced by the trial court's action, we are required to affirm the decision of the trial court. The statute states that "[t]he petition may be filed at any time subsequent to the date on which the arresting law enforcement officer serves the notice of suspension upon the arrested person but no later than thirty days after the arrested person's initial appearance or arraignment." R.C. 4511.197(E). Mr. Hollaender's arraignment date was May 22, 2012. Thus, pursuant to the express terms of the statute, Mr. Hollaender was required to file his petition no later than June 22, 2012. Mr. Hollander did not file his petition until June 29, 2012. Accordingly, Mr. Hollaender cannot demonstrate that the trial court's enforcement of its improper blanket policy prejudiced him because his petition was untimely. Mr. Hollaender's assignment of error is overruled.

III.

**{¶27}** In light of the foregoing, we conclude that Mr. Hollaender's speedy trial rights were violated, and, thus, the Wayne County Municipal Court is required to discharge him. Therefore, we decline to address Mr. Hollaender's argument concerning the denial of his motion to suppress. The denial of Mr. Hollaender's petition for driving privileges is affirmed notwithstanding the trial court's improper use of a blanket policy in this case.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶28} I respectfully dissent. The issue in this case is whether a judge should be held accountable for speedy trial purposes when he refuses to proceed with a criminal case after a party has appealed one issue arising out of a single case number. Notwithstanding established case law that the trial court has no authority to determine whether the jurisdiction of the appellate court has been invoked, *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 10, should the trial judge be required to parse issues in the underlying case into a new category encompassing action not in aid of the appeal yet not so intertwined with the issue on appeal that consideration is

appropriate? If the appellate court determines that the trial court has made the wrong decision in refusing to address ongoing issues while an appeal is pending, does that require dismissal of the criminal charges based on a violation of the defendant's speedy trial rights? The majority here holds that, not only was the trial court wrong in refusing to proceed with the substantive issues in the criminal case, but it should have known better. I would not shift the burden to the trial court in this manner.

{¶29} I disagree with the majority's conclusion that the trial court erred by denying Hollaender's motion to dismiss on speedy trial grounds. The majority reasons that the trial court erred by refusing to proceed with the hearing on Hollaender's motion to suppress notwithstanding his pending appeal from the trial court's order denying his petition for driving privileges, because the pending appeal concerned a civil matter rather than the criminal matter. Specifically, the majority asserts that Hollaender's pending appeal involved an administrative license suspension matter which is a civil matter, while the motion to suppress was relevant to the underlying criminal charge. The pending appeal, however, did not concern Hollaender's administrative license suspension. Instead, he challenged the trial court's denial of his petition for driving privileges pending the outcome of his criminal case.

{¶30} An administrative license suspension becomes effective upon the arresting officer's completion of a sworn report of the driver's violation of R.C. 4511.19(A) or (B). R.C. 4511.191(B)(1). The registrar of motor vehicles must enter into its records the fact of the suspension. *Id.* The driver may appeal this administrative suspension in the trial court where the charge is pending. R.C. 4511.197(A). This is the civil proceeding referenced throughout the majority's opinion. The statute provides for a separate mechanism, however, by which the accused may petition for limited driving privileges during the pendency of the criminal case.

R.C. 4511.197(E). The accused may file such a petition irrespective of whether he has filed an appeal from the administrative license suspension. *Id.* The petition is filed within the context of the criminal proceeding and is separate and distinct from the administrative suspension. I disagree with the majority's invocation of law regarding administrative license suspensions, which are civil proceedings, in reaching a conclusion solely relevant to the criminal proceedings below.

{¶31} Moreover, even were I to construe Hollaender's instant appeal as relevant solely to his civil administrative license suspension, I would still conclude that the trial court did not err by declining to proceed with the suppression hearing pending Hollaender's appeal to this Court and by later denying his motion to dismiss for a speedy trial violation. The Ohio Supreme Court has thoughtfully considered and scrutinized the interplay between administrative license suspensions and criminal charges for operating a vehicle while under the influence. While recognizing that an administrative license suspension is a civil proceeding, and concluding that the civil suspension and criminal operating under the influence prosecution constitute separate proceedings for double jeopardy purposes, the high court nevertheless concluded that "an R.C. 4511.191 administrative license suspension is inextricably intertwined with, and dependent upon, an arrest for violation of Ohio's [OVI] statute, R.C. 4511.19." *State v. Gustafson*, 76 Ohio St.3d 425 (1996), paragraph two of the syllabus, 439.

{¶32} The *Gustafson* court distinguished the administrative license suspension from the criminal proceedings as follows:

> By the express terms of R.C. 4511.191, an immediate and automatic license suspension is accomplished through "administrative proceedings" of a summary nature, i.e., the arresting officer, acting as the agent of the BMV, demands and confiscates the license "on the spot." These proceedings are not conducted in the criminal court which thereafter determines matters of criminal guilt or innocence of the [OVI] charge. Rather, these proceedings are conducted initially by an

arresting officer at public roadsides or in police stations, and processed thereafter not in any judicial forum, but within the bureaucracy of the BMV. They are intended to remove from the highway those motorists who are a threat to themselves and to others, as determined by their refusal to expose themselves to a test for alcohol content, or as indicated by their tested alcohol level. By law, the suspension of the driver's license becomes an administrative fait accompli at the time the license is physically seized by the officer. The fact that the General Assembly had provided an opportunity for a post-suspension administrative appeal of the ALS in the court in which the [OVI] charges are filed does not change this conclusion.

*Id.* at 438.

{¶33} Here, Hollaender filed a notice of appeal to this Court regarding the trial court's denial of his petition for limited driving privileges, not from the presumed denial of his appeal from his administrative license suspension. The decision to grant limited driving privileges lies solely with the court, not the arresting officer or the administrative agency (BMV) that imposed the suspension. Accordingly, even more so than the administrative license suspension, I would conclude that the issue of limited driving privileges constitutes a matter inextricably intertwined with the underlying criminal OVI case.

{¶34} The legislature has provided that an appeal from an administrative license suspension be heard "in the court in which the person will appear on [the operating under the influence] charge." R.C. 4511.197(A). Specifically, with regard to an administrative license suspension arising out of a charge of operating a vehicle while under the influence, the legislature has mandated that the "person shall file [such] appeal * * * in the municipal court, county court, juvenile court, mayor's court, or court of common pleas *that has jurisdiction over the charge in relation to which the person was arrested.*" R.C. 4511.197(B). Accordingly, I disagree with the majority's construction of R.C. 4510.021(B) in fn. 2 of its opinion. That provision is a general provision allowing a person to petition for limited driving privileges in the person's county of residence. I would construe that provision to apply only if there is no pending

criminal case, e.g., in the case of an administrative license suspension based on the accumulation of twelve points on the person's license as a result of various traffic infractions. *See* R.C. 4510.037(B). R.C. 4511.197(B), however, is a more specific provision addressing limited driving privileges under circumstances where a pending criminal charge exists. Therefore, that provision takes precedence over R.C. 4510.021(B). *See State v. Frost*, 57 Ohio St.2d 121 (1979), paragraph one of the syllabus (holding that "[w]here there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence."). Accordingly, Hollaender could not have filed his petition for limited driving privileges in Hamilton County.

**{¶35}** The Ohio Supreme Court has held that the statutory appeal process "provide[s] an aggrieved licensee with an adequate means of obtaining prompt post-suspension review of an administrative license suspension." *State v. Hochhausler*, 76 Ohio St.3d 455, 461 (1996). Accordingly, courts have rejected the argument that the administrative license suspension matter must be filed under its own civil case number, so that the aggrieved licensee might be able to seek immediate subsequent review of the suspension after the trial court rejects his initial appeal. *See State v. Mallin*, 6th Dist. Ottawa No. OT-06-040, 2007-Ohio-4476. In that case, the Sixth District concluded that the licensee's R.C. 4511.197(A) appeal to the criminal trial court afforded him "an opportunity to seek relief and to be heard." ¶ 24. Furthermore, because an administrative license suspension and an OVI prosecution are heard under the same case number, and an adequate remedy exists by way of appeal after the entire criminal case is disposed, these matters are intertwined as part of the same case. *See id.* at ¶ 18-24. Therefore, this situation is not akin to a purely civil case in which a mechanism exists which allows a party to appeal part of a pending case. *See* Civ.R. 54(B). When Hollaender filed his notice of appeal, the entire

criminal case was presented for appeal because all issues were under the umbrella of a sole criminal case number.

{¶36} There exists no mechanism in criminal cases to pursue piecemeal appeals. *See Middletown v. Jackson*, 8 Ohio App.3d 431, 432 (12th Dist.1983) (noting that "Civ.R. 54(B) has no application to criminal cases.") The *Jackson* court further cautioned that allowing piecemeal appeals in criminal cases would merely serve to delay and impede the administration of criminal justice. *Id. See also State v. Cinema X Bookstore*, 49 Ohio App.2d 164, 169 (2d Dist.1976) (recognizing that "allowing piecemeal appeals from preliminary orders [] would delay criminal trials and compound possible injustice because of the failure to conduct speedy trials.") Moreover, Hollaender requested in his appellate docketing statement that the whole record be transmitted for purposes of first appeal. Accordingly, the trial court was not merely legally divested of jurisdiction to address any issues in the underlying criminal matter save for those in aid of the appeal, *In re J.B.*, 9th Dist. Summit No. 23307, 2007-Ohio-246, ¶ 11, but it was also physically divested of the entire record. While I make no determination regarding this Court's jurisdiction to address the issues Hollaender raised in his initial appeal because we dismissed that appeal when Hollaender failed to file a brief, I believe that the trial court properly refused to proceed with the criminal case while that case was on appeal.

{¶37} In this case, Hollaender appealed the trial court's denial of his motion for limited driving privileges, rather than pursue his appeal of his administrative license suspension. I do not here determine whether his appeal to this Court would have properly been maintained for resolution. In any event, it was not for the trial court to determine whether Hollaender had properly perfected his appeal or whether it retained jurisdiction to consider matters relevant to the underlying case. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 10 (holding that "the

determination as to the appropriateness of an appeal lies solely with the appellate court."). Accordingly, while his appeal remained pending before this Court, the trial court lost jurisdiction "except to take action in aid of the appeal." *Id.* at ¶ 9. It is understandable that the trial court would not have believed that ruling on Hollaender's suppression motion merely constituted action in aid of his appeal from the trial court's denial of his motion for limited driving privileges.

{¶38} Because Hollaender's pending appeal implicated issues relevant to and inextricably intertwined with the criminal proceeding, I would conclude that the trial court properly refused to proceed with the suppression hearing during the pendency of Hollaender's appeal to this Court. Moreover, I would conclude that speedy trial time was tolled.

{¶39} The legislature has expressly provided for circumstances that would extend the time in which a criminal defendant must be brought to trial. For example, the speedy trial time tolls when the State has secured leave to file an appeal pursuant to R.C. 2945.67. R.C. 2945.72(I). This Court has long recognized that the time in which the State must bring a criminal defendant to trial is tolled where the State has filed an appeal pursuant to R.C. 2945.67. In *Akron v. Downey*, 24 Ohio App.3d 225 (9th Dist.1984), we addressed the breadth of the extension: "Once an appeal has been decided by the intermediate appellate court, the appellate process is not thus concluded. Section 1(A), Rule I of the Supreme Court Rules of Practice provides for a time period of thirty days in which a further appeal may be filed. During that appeal time it might be unwise to proceed with a trial since a further appeal could be perfected divesting the trial court of its jurisdiction. Therefore, the time, once tolled by R.C. 2945.72(I), does not again run until the thirty-day period for filing an appeal has lapsed." *Id.* at 226. This Court furthermore held that, when the State has in fact filed a notice of appeal with the Supreme

Court, speedy trial time continues to toll for an additional ten days after the high court denies certification given that the State may move for a rehearing within that time period. *Id. See also State v. Boyd*, 11th Dist. Lake No. 88-L-13-165, 1989 WL 140158 (Nov. 17, 1989) (applying R.C. 2945.72(I) to recognize that time was tolled for speedy trial purposes when the State appealed the trial court's dismissal of the third indictment and reinstatement of the two earlier nolled indictments). The *Boyd* court further held that the period in which time was tolled as to the third indictment was also tolled as to the first and second indictments that the trial court reinstated. *Id.* In addition, the Eleventh District concluded that Boyd's appeals to the Ohio and United States Supreme Courts after the appellate court reversed the trial court's dismissal of the third indictment and reinstatement but before he was brought to trial on the third indictment also tolled the speedy trial time. Therefore, that court held that "speedy trial time is tolled during the entire appellate process[.]" *Id.* Indeed, the legislature has provided that any actions attributed to the defendant count against him for purposes of speedy trial considerations. R.C. 2945.72(E). Courts generally agree that an appeal by the accused prior to his trial on the underlying charges constitutes such action as would toll time. *E.g., State v. Clark*, 2d Dist. Montgomery No. 19016, 2002 WL 1250808 (June 7, 2002) (recognizing that a defendant's appeal to the supreme court from an adverse ruling by the appellate court on a suppression issue tolls speedy trial time). Thus, "speedy trial time is tolled during any period in which appellate action initiated by either party may be taken and lasts until appellate jurisdiction lapses." *State v. Arden*, 4th Dist. Adams No. 93 CA 567, 1994 WL 534898, *3 (Sept. 28, 1994). Because it was proper for the trial court not to proceed based on Hollaender's pending appeal, this time properly counted against him. On that basis, I would conclude that the trial court further properly denied Hollaender's motion to dismiss on speedy trial grounds.

**{¶40}** Based on my resolution of Hollaender's first assignment of error, I would address the merits of his second assignment of error and conclude that the trial court properly denied his motion to suppress.

**{¶41}** Finally, I disagree with the majority's invocation of law relevant solely to an administrative license suspension when addressing Hollaender's sole assignment of error in case number 12CA0040. I would conclude that that assignment of error is moot as the trial court's order merged with the conviction wherein the trial court suspended Hollaender's license for twelve months.

APPEARANCES:

JON J. SAIA, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.