[Cite as *State v. Andrews*, 2015-Ohio-4638.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **PER CURIAM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-042** |
| JOHN MARK ANDREWS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Painesville Municipal Court, Case No. 15 TRC 00487 A.

Judgment: Affirmed.

*Joseph M. Gurley,* Painesville City Law Director, 240 East Main Street, Painesville, OH 44077 (For Plaintiff-Appellee).

*John Mark Andrews,* Pro Se, 120 Court Street, Chardon, OH 44024 (Defendant-Appellant).

PER CURIAM

{¶1} Defendant-appellant, John Mark Andrews, appeals from the judgment of the Painesville Municipal Court, denying his Motion to Reinstate Defendant's Driver's License. The issue to be determined by this court is whether a defendant can argue that his license should be reinstated when he has failed to file an appeal from his Administrative License Suspension within 30 days of his arraignment on an OVI charge. For the following reasons, we affirm the decision of the trial court.

**{¶2}** On February 1, 2015, Andrews was issued a ticket, charging him with Operating a Vehicle while Under the Influence (OVI), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(a); and a Divided Roadway violation, a minor misdemeanor, in violation of R.C. 4511.35.

**{¶3}** A Report of Law Enforcement Officer Administrative License Suspension (ALS) was completed by the officer and signed by Andrews. It was filed in the Painesville Municipal Court on February 3, 2015. While the writing on the carbon copy of the form filed with the court is somewhat misaligned, it appears to indicate that Andrews refused to submit to the test and was placed under an ALS.

**{¶4}** Andrews was arraigned and entered a plea of not guilty on February 5, 2015. On the same date, he was issued a letter for temporary limited driving privileges, which included the right to drive for occupational purposes, as well as for medical and school reasons.

**{¶5}** On March 11, 2015, Andrews filed a Motion to Reinstate Defendant's Driver's License After 30 days of Arrest/Arraignment. He contended that he was wrongfully charged with OVI and that his license should not have been suspended because he was not charged with an OVI Refusal offense under R.C. 4511.19(A)(2).

**{¶6}** Andrews' Motion to Reinstate was denied on March 12, 2015, through a Memorandum Entry. He filed the present appeal from that judgment on April 10, 2015.

**{¶7}** On March 24, 2015, Andrews was issued a second letter granting the same driving privileges, set to expire April 14, 2015.

2

{¶8} Andrews was granted additional driving privileges for the care of his wife on April 14, 2015. On April 14, and again on May 12, Andrews received letters renewing his driving privileges.

{¶9} On appeal, Andrews raises the following assignments of error:

{¶10} "[1.] Did the trial court abuse [its] discretion, create manifest injustice, structurally erred, substantially erred (sic); prejudice this defendant-appellant and was [its] decision contrary to, or involve a[n] unreasonable application of clearly established federal law on the federal constitutional right to life, liberty, travel, freedom of movement, and to engage/exercise his right to interstate travel and commerce protected under the Privileges, Immunities and Comity Clause of Article I, Section 2, Clause 2; Federal Supremacy Clause; and the 1st and 14th Amendments of the US Constitution as determined by the U.S. Supreme Court.

{¶11} "[2.] Can this indigent pro se defendant-appellant be legally extorted by the state of Ohio, DMV, and trial/appellate court judges. Due to judicial ignorance of the rule of law, and prosecution misconduct without obtaining mandatory OVI BAC test results, in order, to unlawfully charge/prosecute/convict this indigent pro se defendant-appellant without any mandatory BAC test results to unlawfully deprive him of his federal constitutional right to life, liberty, travel, freedom of movement, and commerce as protected under the US Constitution. (sic)"

{¶12} In both of his assignments of error, Andrews raises arguments related to the administrative suspension of his driver's license which occurred following a charge of OVI.

{¶13} "[A]n appeal of an ALS is a civil proceeding, and appellant bears the burden of proving, by a preponderance of evidence, that the conditions for an ALS have not been met." (Citations omitted.) *Eastlake v. Komes*, 11th Dist. Lake No. 2009-L-096, 2010-Ohio-2411, ¶ 11.

{¶14} In the present matter, Andrews' driver's license was suspended through an ALS. Pursuant to R.C. 4511.191(A)(2), a person who operates a vehicle is deemed to have given consent "to a chemical test or tests of the person's whole blood, blood serum or plasma, breath, or urine to determine the alcohol * * * content of the person's whole blood, blood serum or plasma, breath, or urine if arrested for a violation of division (A) or (B) of section 4511.19 of the Revised Code." These tests "shall be administered at the request of a law enforcement officer having reasonable grounds to believe the person was operating * * * a vehicle, * * * in violation of a division, section, or ordinance identified in division (A)(2) of this section." R.C. 4511.191(A)(3).

> Upon receipt of the sworn report of a law enforcement officer who arrested a person for a violation of division (A) or (B) of section 4511.19 of the Revised Code * * * that was completed and sent to the registrar of motor vehicles and a court pursuant to section 4511.192 of the Revised Code in regard to a person who refused to take the designated chemical test, the registrar shall enter into the registrar's records the fact that the person's driver's * * * license * * * was suspended by the arresting officer * * *.

4

R.C. 4511.191(B)(1).[1]

{¶15} For an individual whose driver's license is suspended under this statute, unless certain conditions apply regarding prior OVI convictions or refusals, "the suspension shall be a class C suspension for the period of time specified in division (B)(3) of section 4510.02 of the Revised Code." R.C. 4511.191(B)(1)(a). Pursuant to R.C. 4510.02(B)(3), a class C suspension is for one year.

{¶16} In the present appeal, Andrews argues that the trial court erred in failing to reinstate his license. Although not clearly stated as such, he was requesting that the court find the ALS invalid, since the court could not reinstate his license when an ALS was in effect.

{¶17} The correct procedure for seeking the termination of an allegedly improper ALS is through an appeal. Pursuant to R.C. 4511.197, a person arrested for OVI in violation of R.C. 4511.19(A) who has his license suspended under the foregoing section, "may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge."[2] The limited issues that may be raised on appeal are outlined in R.C. 4511.197(C)(1)-(4).

{¶18} It appears that Andrews was attempting to invoke his right to appeal through his Motion to Reinstate. The Motion was properly denied by the trial court,

_____

1. Andrews appears to contend that, since he could not be charged with an OVI Refusal offense, pursuant to R.C. 4511.19(A)(2), due to his lack of prior OVIs, he could not have his license suspended based on a refusal. A reading of R.C. 4511.191 makes it evident, however, that a refusal and an arrest for a violation of R.C. 4511.19(A)(1)(a), as occurred here, provide grounds for an ALS.
2. Similarly, a person seeking limited driving privileges under R.C. 4511.197(E) must file a petition "no later than thirty days after the arrested person's initial appearance or arraignment."

since it was untimely. "The time limits set forth under R.C. 4511.197(A) are obviously jurisdictional in nature. If an administrative license suspension is not timely appealed, the court has no jurisdiction to consider the appeal." *Westlake v. Pesta*, 8th Dist. Cuyahoga No. 92150, 2009-Ohio-4713, ¶ 5; *State v. Derov*, 7th Dist. Mahoning No. 08 MA 189, 2009-Ohio-4810, ¶ 13-14.

{¶19} Failure to file a petition for reinstatement within 30 days of the initial appearance on the charge renders the appeal untimely. *Westlake* at ¶ 6; *Columbus v. Rose*, 10th Dist. Franklin No. 06AP-579, 2007-Ohio-499, ¶ 6 (an ALS appeal is untimely unless filed at or within thirty days of the initial appearance). Here, Andrews' initial appearance occurred during his February 5, 2015 arraignment but he did not file his Motion to Reinstate until March 11, 2015. Since Andrews did not file a timely appeal, the lower court did not have jurisdiction to rule upon its merits or to invalidate the ALS. Thus, the request to reinstate his license was properly denied.

{¶20} While Andrews outlines various rights he believes are violated by not allowing him to drive, it was Andrews' responsibility to file a timely appeal if he believed his license was improperly suspended. Although Andrews argues that he is suffering harm from "being unable to provide for his family, will [lose] his job/house, and will suffer an actual significant financial hardship," it is clear from the record that the trial court granted Andrews driving privileges that extended throughout the time proceedings were pending and he had such privileges at the time he filed this appeal. This allowed him to drive for occupational purposes, as well as for medical and school reasons.

{¶21} Other issues raised by Andrews, primarily in his second assignment of error, relating to the merits of the OVI offense itself and the lack of proof as to the

6

elements needed for a conviction, are properly raised in the proceedings relating to his criminal charges, which are not presently before this court. *See State v. McPhillamy*, 6th Dist. Erie No. E-11-071, 2012-Ohio-3612, ¶ 8 ("[a]n ALS is a civil proceeding separate from any criminal offense"); *Eastlake*, 2010-Ohio-2411, at ¶ 11.[3]

{¶22} The same is true of the discovery issues raised by Andrews. These relate to the criminal matter, not the license suspension.

{¶23} The first and second assignments of error are without merit.

{¶24} For the foregoing reasons, the judgment of the Painesville Municipal Court, denying Andrews' Motion to Reinstate Defendant's Driver's License, is affirmed. Costs to be taxed against the appellant.

DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., concur.

---

3. While the issue of "[w]hether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle * * * in violation of division (A) or (B) of section 4511.19 of the Revised Code," R.C. 4511.197(C)(1), can be raised in the appeal of an ALS suspension, Andrews cannot raise this issue since he failed to file a timely appeal.