[Cite as *State v. Schertzer*, 2016-Ohio-5181.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2015-10-084 |
| Plaintiff-Appellee, | : | CA2016-02-007 |
| | : | O P I N I O N |
| - vs - | | 8/1/2016 |
| | : | |
| RODNEY A. SCHERTZER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2015TRC08431


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Gary A. Rosenhoffer, 313 East Main Street, Batavia, Ohio 45103, for defendant-appellant


**S. POWELL, J.**

{¶ 1}   Defendant-appellant, Rodney A. Schertzer, appeals from the administrative license suspension imposed after his arrest for operating a vehicle while under the influence of alcohol ("OVI").   Schertzer also appeals from the Clermont County Municipal Court's decision denying his motion to suppress.   For the reasons outlined below, we dismiss Schertzer's appeal as it relates to the administrative license suspension and affirm the trial court's judgment denying Schertzer's motion to suppress.

{¶ 2} On June 6, 2015, Schertzer was arrested and charged with two counts of OVI in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(H), both first-degree misdemeanors, after he was observed speeding and committing a marked lane violation while traveling westbound on US 52 in Franklin Township, Clermont County, Ohio. Schertzer later submitted to a breath test that indicated he had a breath-alcohol-content measuring .303. Due to his failed breath test, Schertzer was subject to a 90-day administrative license suspension pursuant to R.C. 4511.191(C)(1)(a) and 4510.02(B)(5). Schertzer was then arraigned on June 8, 2015 and entered a plea of not guilty.

{¶ 3} On September 2, 2015, two days before his administrative license suspension was set to expire, and 86 days after making his initial appearance, Schertzer filed an appeal from his administrative license suspension under R.C. 4511.197(A). After holding a hearing on the matter, the trial court upheld the suspension and further denied Schertzer's motion to suppress after his trial counsel refused to proceed on the motion. Schertzer then entered a no contest plea to one count of OVI in violation of R.C. 4511.19(A)(1)(a) and was sentenced to 180 days in jail, with 170 of those days suspended, placed on three years of community control, and ordered to pay a $500 fine. The trial court also suspended Schertzer's driver's license for two years, noting that the suspension would be credited back to the day of his arrest.

{¶ 4} Schertzer now appeals, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR OF FACT AND LAW WHEN IT DENIED SCHERTZER'S [ADMINISTRATIVE LICENSE SUSPENSION] APPEAL.

{¶ 7} In his first assignment of error, Schertzer argues his administrative license

suspension was improper and should have been terminated by the trial court.

{¶ 8} Pursuant to R.C. 4511.197(A), a person may appeal from an administrative license suspension "at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge." "Failure to file a petition for reinstatement within 30 days of the initial appearance on the charge renders the appeal untimely." *State v. Andrews*, 11th Dist. Lake No. 2015-L-042, 2015-Ohio-4638, ¶ 19. "If an administrative license suspension is not timely appealed, the court has no jurisdiction to consider the appeal." *Westlake v. Pesta*, 8th Dist. Cuyahoga No. 92150, 2009-Ohio-4713, ¶ 5.

{¶ 9} In this case, Schertzer did not appeal his suspension at his initial appearance on June 8, 2015, nor did he appeal his suspension within 30 days thereafter. Rather, Schertzer filed his appeal from his administrative license suspension some 86 days later on September 2, 2015, a mere two days before the suspension was set to expire. The trial court, therefore, did not have jurisdiction to rule upon Schertzer's appeal, thus rendering any decision issued by the trial court on that issue null and void. *State v. Derov*, 7th Dist. Mahoning No. 08MA189, 2009-Ohio-4810, ¶ 14. Accordingly, as it relates to Shertzer's appeal from his administrative license suspension, that portion of his appeal is hereby dismissed for this court does not have jurisdiction to consider that matter.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT SUA SPONTE DENIED (WAIVED) SCHERTZER'S MOTION TO SUPPRESS.

{¶ 12} In his second assignment of error, Schertzer argues the trial court erred by "sua sponte" denying his motion to suppress. We disagree.

{¶ 13} After a simple review of the record, it is clear that Schertzer has misconstrued the proceedings before the trial court. Contrary to Schertzer's claims otherwise, the trial court did not "sua sponte" deny his motion to suppress. Rather, after twice setting the matter for a hearing, Schertzer's trial counsel refused to proceed, claiming the trial court lacked jurisdiction over the matter since he had since filed a notice of appeal with this court regarding Schertzer's administrative license suspension, as well as a writ of prohibition in a similar case wherein Schertzer's trial counsel argued a trial court lacks jurisdiction to proceed once a notice of appeal from an administrative license suspension has been filed. The trial court, however, had already denied these arguments, a decision with which this court subsequently agreed. *See, State, ex rel. Miller v. Pattison*, 12th Dist. Clermont No. CA2015-10-081 (Entry Dismissing Original Action in Prohibition).

{¶ 14} Thereafter, when the trial court asked Schertzer's trial counsel if he was ready to proceed on Schertzer's motion to suppress, Schertzer's trial counsel specifically stated that he was not. The following discussion then occurred:

> [SCHERTZER'S TRIAL COUNSEL]: * * * We believe the Court is without jurisdiction. I simply civilly and respectfully suggest to the Court * * * that the Court should simply back down and let the Court of Appeals decide the motion for the TRO which will determine whether the Court has jurisdiction. * * * If you just back off and be patient perhaps the Twelfth District will give us an answer.
>
> THE COURT: Okay, I understand what your position is, I believe your position is wrong, I've told you that –
>
> [SCHERTZER'S TRIAL COUNSEL]: I understand but it's not your decision.
>
> THE COURT: Wait a minute, I am talking. I've told you that on the other case and I told you that I was going to set both cases. If you wanted to get a TRO or anything else you could have got it quite some time ago. The research as far as I'm concerned does not support your position. You either have to go forward today or I'm going to consider the fact that you didn't go forward.

[SCHERTZER'S TRIAL COUNSEL]: Well, we're not going to go forward today.

THE COURT: All right, I'll consider that a withdrawal of the motion.

[SCHERTZER'S TRIAL COUNSEL]: You can't consider a withdrawal of the motion, I'm not going forward on the motion.

THE COURT: All right, if you want to go forward on the motion you'll have to go forward on it today.

[SCHERTZER'S TRIAL COUNSEL]: I'd suggest that the Court set this matter with [a similar case] on Wednesday, November 25th at 2:00, that's the other case that has a prohibition action pending.

THE COURT: This case is set when it is set. You've had plenty of notice.

[SCHERTZER'S TRIAL COUNSEL]: Over our objection.

THE COURT: It's set. Okay, are you going to go forward or not?

[SCHERTZER'S TRIAL COUNSEL]: I don't intend to proceed on the motion to suppress, not today.

THE COURT: All right, your motion is going to be denied then.

{¶ 15} It is well-established that the trial court possesses the inherent power to control its own docket and the progression of its proceedings. In turn, when Schertzer's trial counsel refused to proceed on the motion when specifically instructed by the trial court to do so, the trial court was left with no other option than to treat Schertzer's motion as withdrawn and to deny the same. We find no error in the trial court's decision. A defendant may appeal when he or she feels that a reversible error has occurred, not attempt to hijack the trial court proceedings and demand the matter be set for a later date. Therefore, as it relates to Schertzer's arguments regarding the trial court's treatment of his motion to suppress, Schertzer's assignment of error lacks merit and is overruled.

{¶ 16} Appeal dismissed in Case No. CA2015-10-084 and judgment affirmed in Case No. CA2016-02-007.

M. POWELL, P.J., and PIPER, J., concur.