[Cite as *State v. Baca*, 2024-Ohio-2304.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-02-009 |
| | : | O P I N I O N |
| - vs - | | 6/17/2024 |
| | : | |
| RUBEN A. BACA, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2023 TRC 04466

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Ruben A. Baca, appeals the decision of the Clermont County Municipal Court denying his motion for limited driving privileges upon the trial court finding

it lacked jurisdiction to rule on the motion pursuant to R.C. 4511.197(A).[1]  For the reasons outlined below, we reverse the trial court's decision and remand this matter to the trial court for further proceedings consistent with this opinion.

{¶ 2}  On April 16, 2023, a complaint was filed with the trial court charging Baca with operating a motor vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a).  The complaint was filed following a traffic stop of Baca's vehicle initiated by an officer with the Williamsburg Village Police Department on the night of April 14, 2023.  The complaint alleged that this was Baca's second such offense within the preceding ten years.  The complaint also alleged that when pulled over Baca was "very argumentative" and refused to submit to the officer's request that he submit to a chemical test or tests to determine the concentration of alcohol in his blood, breath, or urine.  This resulted in the arresting officer placing Baca under a two-year administrative license suspension in accordance with R.C. 4511.191(B)(1)(b).  The day after the complaint was filed, April 17, 2023, Baca appeared at his arraignment hearing and entered a plea of not guilty.

{¶ 3}  On May 24, 2023, the trial court, upon the state's motion, dismissed the complaint against Baca.  Several months later, on September 5, 2023, Baca filed an appeal of his still active two-year administrative license suspension.  To support his appeal, Baca argued that the officer placing his driver's license on a two-year administrative license suspension was violative of his constitutional rights.  Baca also argued that neither the underlying facts nor the officer's statutory authority permitted the officer to place his driver's license on a two-year administrative license suspension pursuant to R.C. 4511.191(B)(1)(b).

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

{¶ 4} On October 5, 2023, the trial court held a hearing on Baca's appeal of his administrative license suspension. Following this hearing, on October 24, 2023, the trial court issued a decision denying Baca's appeal. In so doing, the trial court determined that it lacked jurisdiction to rule on Baca's appeal pursuant to R.C. 4511.197(A) since his appeal was not made within 30 days of his arraignment. Baca did not appeal the trial court's decision. Rather, on November 1, 2023, Baca moved the trial court for limited driving privileges that would allow him to drive to and from certain places while his two-year administrative license suspension played out. These places included, but were not limited to, the doctor, the trial court, the grocery store, and his daughter's residence.

{¶ 5} On January 3, 2024, the trial court held a hearing on Baca's motion for limited driving privileges. Shortly thereafter, on January 16, 2024, the trial court issued a decision denying Baca's motion. The trial court's decision denying Baca's motion for limited driving privileges was nearly identical to the decision it had issued a few months earlier, on October 24, 2023, when denying Baca's appeal of his two-year administrative license suspension. This included the trial court determining that it lacked jurisdiction to rule on Baca's motion pursuant to R.C. 4511.197(A).

{¶ 6} On February 2, 2024, Baca filed a notice of appeal from the trial court's decision. Following briefing, Baca's appeal was submitted to this court for consideration on May 8, 2024. Baca's appeal now properly before this court for decision, Baca has raised one assignment of error for review. In his single assignment of error, Baca argues the trial court erred by denying his motion for limited driving privileges upon finding it lacked jurisdiction to rule on the motion pursuant to R.C. 4511.197(A). The state concedes, and we agree, that the trial court did so err. Therefore, finding merit to Baca's argument, Baca's single assignment of error is sustained.

{¶ 7} Pursuant to R.C. 4511.197(A), a person may appeal from an administrative

license suspension "at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge." "Failure to file a petition for reinstatement within 30 days of the initial appearance on the charge renders the appeal untimely." *State v. Andrews*, 11th Dist. Lake No. 2015-L-042, 2015-Ohio-4638, ¶ 19. "'If an administrative license suspension is not timely appealed, the court has no jurisdiction to consider the appeal.'" *State v. Schertzer*, 12th Dist. Clermont Nos. CA2015-10-084 and CA2016-02-007, 2016-Ohio-5181, ¶ 8, quoting *Westlake v. Pesta*, 8th Dist. Cuyahoga No. 92150, 2009-Ohio-4713, ¶ 5.

**{¶ 8}** However, by filing a motion with the trial court seeking limited driving privileges, Baca was clearly not attempting to again appeal the administrative license suspension. Baca was instead requesting the trial court allow him to drive to and from certain places while that two-year administrative license suspension played out. Baca's motion, therefore, was not subject to the jurisdictional limitations set forth under R.C. 4511.197(A). To the extent the trial court held otherwise, such a decision was error.

**{¶ 9}** Rather than R.C. 4511.197(A), Baca's motion requesting the trial court grant him limited driving privileges should have been reviewed by the trial court in accordance with the statutory framework set forth in R.C. Chapter 4510.[2] More specifically, R.C. 4510.021(B), which, assuming Baca still resides within Clermont County, Ohio, would

---

2. We note that R.C. 4511.197(E) is also inapplicable to Baca's situation given that the underlying OVI charge against Baca had been dismissed and was no longer pending at the time Baca filed his motion for limited driving privileges. *See* R.C. 4511.197(E) ("[a]ny person whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended pursuant to section 4511.191 of the Revised Code may file a petition requesting limited driving privileges in the common pleas court, municipal court, county court, mayor's court, or juvenile court with jurisdiction over the related criminal or delinquency case"); *see also State v. Hollaender*, 9th Dist. Wayne Nos. CA12CA0040 and 13CA0006, 2014-Ohio-1782, ¶ 30 (Carr, J., dissenting) (noting that R.C. 4511.197[E] provides the "mechanism" by which "the accused may petition for limited driving privileges during the pendency of the criminal case").

- 4 -

provide the trial court with jurisdiction to rule on Baca's motion.[3]  Accordingly, because the trial court had jurisdiction to rule on Baca's motion for limited driving privileges under R.C. 4510.021(B), the trial court's decision finding it lacked jurisdiction to rule on the motion pursuant to R.C. 4511.197(A) is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

{¶ 10} Judgment reversed and remanded.

HENDRICKSON and M. POWELL, JJ., concur.

---

3. The complaint lists Baca's residence as being in Batavia, Clermont County, Ohio.